(105 App. Div. 667)

### WEST v. BURKE et al. (No. 352/45.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. DRUNKARDS (§ 5\*)—TRANSFERS OF PROPERTY—VALIDITY.

Plaintiff, who had been adjudged an habitual drunkard, was entitled under his father's will to the income of a trust for a large sum, and to the principal in installments. His wife having sued for a separation, he petitioned for leave to make provision for her; the petition being joined in by his committee, his mother, and his brothers. The petition was granted, and plaintiff assigned to his wife $15,000 to come to him when 35 years old, and to a trustee for his wife and children $100,000 to come to him at 40; the income to be paid half to his children and half to his wife for life, and at her death the principal to go to the children. The validity of these assignments was determined by the judgment in an action brought by the trustees under the will of plaintiff's father; all persons interested in the father's estate and plaintiff's committee being parties and represented by counsel. *Held*, that plaintiff could not have the order and judgment annulled after his incompetency had terminated; the provision for the wife and children being reasonable, and no fraud or collusion being shown.

[Ed. Note.—For other cases, see Drunkards, Cent. Dig. §§ 5, 6; Dec. Dig. § 5.\*]

2. WILLS (§ 743\*)—ASSIGNMENT BY BENEFICIARY—VALIDITY.

An assignment, by the beneficiary in a testamentary trust, of part of his interest to his wife and children for their support, is effectual, whether his interest is vested or contingent.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1907–1910; Dec. Dig. § 743.\*]

3. WILLS (§ 743\*)—ASSIGNMENTS BY BENEFICIARY—VALIDITY.

An assignment, by the beneficiary under a testamentary trust, of part of his interest thereunder to his wife and children for their support, is sustainable in equity, though no legal interest passed under the assignment.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1907–1910; Dec. Dig. § 743.\*]

4. HUSBAND AND WIFE (§ 49½\*)—CONVEYANCES—VALIDITY.

A conveyance by a husband to his wife of real estate as a gift will be sustained in equity, on the theory that he is bound to support her, and the court will deem it a provision for that purpose.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 249–255; Dec. Dig. § 49½.\*]

5. HUSBAND AND WIFE (§ 52\*) — VOLUNTARY SETTLEMENT OF PROPERTY ON WIFE—REMARRIAGE OF WIFE—EFFECT.

Where a husband voluntarily conveys property to his wife in contemplation of an absolute divorce, the remarriage of the wife after obtaining the divorce does not justify the court in setting aside the conveyance at suit of the husband, notwithstanding Code Civ. Proc. § 1771, providing that, when a wife remarries, the alimony granted to her shall cease.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 264–269; Dec. Dig. § 52.\*]

Appeal from Trial Term, Saratoga County.

Action by Walter S. West against John H. Burke and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lewis E. Carr, of Albany (Henry J. Crawford, of Albany, on the brief, and Joseph A. Kellogg, of Glens Falls, of counsel), for appellant.

Edward T. Brackett, of Saratoga Springs, for respondent Todd.

James W. Verbeck, of Ballston, for respondent Burke.

JOHN M. KELLOGG, J. The plaintiff seeks a judgment annulling an order of the Special Term made February 7, 1908, and a judgment of the court of June 10, 1908. The order permitted, and the judgment declared valid, two assignments of a part of the interests of the plaintiff under the will of his father; one to his wife, the other to a trustee for the benefit of his wife and children. In effect the plaintiff seeks to have the said assignments declared ineffectual.

[1] The trial court has found that the order and judgment sought to be vacated were duly obtained and that the assignments by the plaintiff of a part of his interest in his father's estate were valid. The order of the court sought to be annulled was made upon the petition of the plaintiff, showing, in substance, that he had entirely ceased from drinking intoxicating liquors; was in his right mind, and fully understood his rights; that an action for separation had been brought against him by his wife, and that he was desirous of making proper provision for her and their infant children; and that it had finally been agreed between himself, his committee, and his wife that there should be assigned to her the $15,000 which would be payable to him under the will of his father when he arrived at 35 years of age, and that there should be assigned to the trustee for his wife and children $100,000 of the moneys which would come to him from said estate when he arrived at 40 years of age, the said trustee to pay one-half of the income of said fund when received to the wife and the other half for the children, and upon the death of the wife the principal was to go to the children. His committee, his mother, and his two brothers joined with him in the petition. The court approved of the application and permitted the conveyance to be made.

While the action for separation was pending, the plaintiff was adjudged an habitual drunkard and placed under a committee, which committee continued until July 11, 1911, when by order of the court it was discharged, upon the ground that his incompetency had terminated. The judgment sought to be annulled was entered in an action brought by the trustees under the will of his father, George West, against all parties interested in that estate and the plaintiff's committee. The complaint set up the assignments and the various matters relating thereto, the will of the father, and alleged that the executors were uncertain as to the plaintiff's interests under the will and as to the effect of said assignments thereon, and asked a determination of the court whether, under a proper construction of the will, the said assignments were valid and effectual to transfer the interests of the plaintiff under the will, which they purported to transfer. The judgment construed the will and held that the assignments were effectual and valid transfers of the interests they purported to assign.

Every party to the litigation understood the material facts and was properly before the court. The plaintiff and his committee were represented by able counsel. It was evident, in the interest of the estate and

of all concerned, that the assignments should not be treated as valid by the representatives of the estate without an adjudication of the court. There is nothing impeaching the fairness of the parties to the action, or the fairness and reasonableness of the judgment. The fact that the plaintiff had been adjudged an incompetent person is not alone sufficient to avoid the effect of the order and judgment. He was properly advised by his committee, by his mother and his brothers, the only persons aside from his wife and children having a real interest in him. The court determined the assignments to be a reasonable provision under the circumstances for the wife and children. As the facts then existed, we cannot say that the order was unreasonable or unfair. The plaintiff and his committee were duly made parties to the action, and the judgment is binding upon them, in the absence of fraud or collusion, neither of which is shown. A sufficient answer to the plaintiff's contention is that the judgment and order were properly made and are binding upon him.

The judgment rests upon a substantial basis. In addition to what we have stated with reference to the provisions of the father's will in the plaintiff's favor, it should appear that the residuary estate was about $800,000, of which the plaintiff was entitled to the income of one-third until he became 35 years of age, when the $15,000 of principal was to be paid to him, and thereafter the income from the remainder of said one-third was to be paid to him until he became 40 years of age, which will be in 1915, "at which time" (we quote from the will) "I direct my executors and trustees to pay over and transfer to my son Walter S. West the entire remaining portion of said third of my property to whom I give, devise and bequeath the same subject to this trust." In case he died before he came into possession of the property, it was to go to his lawful issue him surviving. If he died without issue, it was to go to his brothers or brother surviving, or their issue. Substantially a similar provision was made as to each of the other sons. The father died June 25, 1906; the plaintiff was married November 25, 1900, and the daughters, Emily and Dorothy, at the time of the trial in July, 1913, were about 12 and 11 years of age, respectively.

[2-4] It is unnecessary to determine how far the plaintiff's interest in his father's estate was vested or contingent. A conveyance made by him, especially to his wife and children for their support and maintenance, would be effectual. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846; Id., 203 N. Y. 556, 96 N. E. 1122; Clowe v. Seavey, 208 N. Y. 496, 102 N. E. 521, 47 L. R. A. (N. S.) 284. It is not necessary to say that a legal interest passed under the assignments. Having been made for the benefit of his wife and his infant children, they were assignments which a court of equity will sustain. If no other reason were found, the plaintiff would be estopped under the circumstances from questioning their validity. Husband and wife were incapable at common law to transfer real estate to each other, but a conveyance by the husband to the wife as a gift was sustained in equity, on the theory that he was bound to support her, and the court would deem it a provision for that purpose. Hunt v. Johnson, 44 N. Y. 27, 4 Am. Rep. 631.

[5] The fact that the wife has remarried, and that the plaintiff has also remarried, is no reason why a court of equity should disregard the agreement, which was reasonable and fair when made. It is urged, however, that the remarriage of the wife after the assignments, under section 1771 of the Code of Civil Procedure, renders the transfers ineffectual so far as she is concerned, on the theory that the provision for her was in substance alimony. By order of the court made after her marriage the order granting alimony was modified, so that the plaintiff was not required to pay the $2,500 annually to his wife thereafter. The action for a separation was, by the understanding of the parties and the entire family, turned into an action for absolute divorce, and the interlocutory judgment of divorce in her behalf was granted on the day such change was made, upon proper evidence.

The provision of the Code that when the wife remarries the alimony granted to her by order of the court shall cease is reasonable and just. Such an order takes from the husband by force of law money for her support, and when she remarries, her support being provided for, it is reasonable that the forced payments from the late husband should cease. But where a husband voluntarily settles property upon a wife, either as a matter of love and affection, or duty, or in settlement of disputes between them, the conveyance is absolute, and uninfluenced by the fact that she obtains a divorce and subsequently remarries. These assignments were made in contemplation of an absolute divorce, and undoubtedly the provision for alimony was affected by the fact that under the assignment the wife and children, in 1915, would probably have an income of their own outside of the alimony. The court permitted the assignments to be made, but did not compel them. The permission was necessary, because the plaintiff was then a ward of the court. If it had been the intention of the parties that the wife should forfeit the benefit which she was to derive from the trust fund if she remarried, it should have been so stated in the assignment. If it had been stated, perhaps the remarriage would not have followed. In any event, it is too late to make a new assignment, and the court must interpret the one made by its permission upon a full understanding of the rights and interests of all the parties.

The judgment should therefore be affirmed, with costs. All concur, except SMITH, P. J., not voting.