Lena Fischer, Respondent, v. Marie Cordes, Appellant, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

Mark K. Frank, Appellant, v. Eleanore C. Correll, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

Lauretta I. Gerhardt, Appellant, v. J. W. Darrow and Others, Copartners, Doing Business under the Trade Name of Otis & Co., Respondents.— Judgment reversed on the law and a new trial granted, costs to abide the event, on the ground that the verdict is against the weight of the evidence. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

Rebecca Heineman, Appellant, v. William L. Worth, Respondent.— Order granting the defendant's motion to set aside the verdict and vacating the judgment and granting a new trial on the ground of newly-discovered evidence and order granting the same relief on reargument reversed on the law and the facts, with costs, and motions denied, with ten dollars costs. Although the defendant moved for a new trial at Special Term on the ground of newly-discovered evidence, he did not make a case and procure the same to be settled or signed in the same manner as in an appeal from a judgment. (Civ. Prac. Act, § 552; Rules Civ. Prac. rule 221.) However, it affirmatively appears that the record in the dispossess proceedings sought to be introduced in evidence on a new trial would not change the result of the trial. The lease between the parties, plaintiff's Exhibit 1 upon the trial, attached to the papers on the argument by consent, discloses that the lessee, the defendant in this action, agreed that he should remain liable for the rent reserved to the end of the term although evicted by summary proceedings and out of possession. (*Mann* v. *Munch Brewery*, 225 N. Y. 189; *Henochstein* v. *Nachman*, 218 App. Div. 673.) Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

Henry Hohauser, Respondent, v. S. & S. Development Co., Inc., and Broadway and Jackson Corporation, Appellants.— Judgment unanimously affirmed, with costs. We are of the opinion that plaintiff was obligated to prepare both preliminary plans and specifications and final working drawings and specifications for the sum of $2,500, payment for which was contingent upon removal of the restrictions by the board of standards and appeals within a reasonable time. Such restrictions were so removed within a reasonable time. Findings of fact inconsistent with this decision are reversed and new findings to support this decision will be made. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ. Settle order on notice.