FRANCES L. WERSINGER, Plaintiff, v. LESLIE K. COOK, Defendant.

Supreme Court, Equity Term, Onondaga County, November 30, 1946.

*Lewis C. Ryan* for plaintiff.

*Joseph B. Murphy* for defendant.

VAN DUSER, J. In this action the plaintiff seeks to recover a judgment for unpaid installments claimed and alleged to be due under a separation agreement entered into between the parties on April 11, 1941.

The parties were married January 25, 1921. Two children were born as the issue of that marriage, both of whom were minors when the separation agreement was executed. Plaintiff, thereafter, secured an interlocutory judgment of divorce from the defendant. That decree was entered in Onondaga County Clerk's office on June 11, 1941, and became final on September 11, 1941. Four days thereafter, on September 15, 1941, the defendant remarried, in the State of Maryland.

Payments as provided in the agreement were made by the defendant to the plaintiff until October 1, 1944. Defendant has refused and failed to make payments to the plaintiff since that time because of the remarriage of the plaintiff on July 1, 1944.

The present action is to recover judgment for installments unpaid to the plaintiff since her remarriage.

It will be noted that the action is based upon the agreement. The plaintiff is not proceeding under the provisions of the Civil Practice Act to give force to provisions of a divorce decree.

The divorce decree originally provided that the plaintiff be " awarded as alimony for her support and for the support, maintenance and education of said child [only one child was then living with her] such sums of money and such property as are set forth in the agreement between the parties hereto annexed, referred to and made a part of this decree ". Subsequently, and in the month of May, 1945, that decree was modified by order of Mr. Justice KIMBALL, by which order the paragraph just quoted was expunged and stricken out, " but without prejudice to the rights of the plaintiff to seek relief under the provisions of the contract of separation dated April 11, 1941, if any she has ". Mr. Justice KIMBALL did not pass on plaintiff's right to any relief under the provisions of the separation agreement, citing *Severance* v. *Severance* (260 N. Y. 432), and stating in his opinion, dated May 10, 1945: " Whether she has any right to relief is not and cannot here be decided but such reservation certainly does not add to such right and cannot be harmful to the defendant ".

The contract itself provides that it " shall survive an action for divorce between the parties hereto ". That such an action was contemplated when the agreement was executed, and it is worthy of note that it was prepared by an attorney of the defendant's selection, is clear. Its evident purpose was to pave the way for the divorce and defendant's remarriage which, as pointed out, took place outside of the State of New York four days after the divorce decree became final. The defendant was beyond question interested in a determination of his obligations under his first marriage in order to facilitate his second. Hence, the agreement.

Such an agreement is legal, and is to be enforced like other agreements unless impeached or cancelled in manner permitted by law. " So long as the contract remains in force — not impeached or cancelled in manner permitted by law — the court could not, as the court decided in the *Galusha* case, direct the defendant to pay more or the plaintiff to accept less than the parties had agreed should be paid by the defendant for the support of the plaintiff. The court has not done so here." (*Goldman* v. *Goldman*, 282 N. Y. 296, 303.)

In the instant case, the parties had the legal capacity to contract, the subject of the settlement was lawful, it is nowhere claimed that the contract is tinged with fraud or duress, and, therefore, as the Court of Appeals in the *Goldman* case (*supra*) points out, the courts will not interfere, citing *Galusha* v. *Galusha* (116 N. Y. 635, and the same case later at 138 N. Y. 272). In fact, the defendant has at no time claimed that the agreement was other than a valid agreement, claiming only that it has become ineffective and not binding upon him because of the heretofore quoted provision of the original divorce decree (subsequently expunged), and because of the remarriage of the plaintiff.

As pointed out in the *Goldman* case (*supra*, p. 301): " Nothing said or decided by this court in any subsequent cases has weakened the authority of the two *Galusha* decisions." Therefore, so long as the separation agreement " remains unimpeached, it must be the measure of the allowance for the support of the plaintiff, which the defendant shall pay. It plainly suggests the necessity for a resort to the remedy which this action contemplates [an action to set aside the agreement], if the plaintiff deems the enforcement of the agreement inequitable because of the manner in which its execution was obtained." (*Galusha* v. *Galusha*, 138 N. Y. 272, 283, *supra*.)

That such an agreement, even though the terms thereof are incorporated in a subsequent judgment of divorce, may still survive is the holding not only of *Goldman* v. *Goldman* (*supra*) but likewise of *Schmelzel* v. *Schmelzel* (287 N. Y. 21). In the latter case, a decree granting plaintiff a legal separation was granted. The trial justice found that the separation agreement was entered into by plaintiff after adequate representation by counsel and without any element of fraud or duress, and ordered payments to be made in the sum of $250 a month as provided in the separation agreement. Thereafter the financial situation of the defendant husband having improved, the plaintiff made a motion for an increase of alimony and counsel fees. That motion was granted and the order of the Special Term was unanimously affirmed by the Appellate Division (261 App. Div. 994). In reversing and denying the increased alimony and counsel fees the Court of Appeals specifically reaffirmed its holding in the *Goldman* case, and stated (p. 26): " The decision in the *Goldman* case reaffirmed the rule as announced in the cases of *Galusha* v. *Galusha* (116 N. Y. 635; 138 N. Y. 272, 274) that a *decree or subsequent order in a matrimonial action does not destroy the agreement or deprive the parties of their rights thereunder.*" (Italics supplied.)

The agreement here under discussion not only in express terms provided that " This contract shall survive an action for divorce between the parties hereto ", but made provision for many matters other than financial payments to the plaintiff. The agreement by one of its paragraphs provides for the maintenance by the defendant of a life insurance policy on his life in favor of his wife as beneficiary. It provided for the contingency of her prior death and further states " Should the first party re-marry, then the second party shall cease to maintain any policy naming her as beneficiary ". That provision clearly leads to but one conclusion, and that is that the remarriage of the plaintiff was contemplated by the defendant. And it is of the highest significance that no such clause appears in the provisions of the contract as to the installment payments, recovery of which is sought in this action.

In the language of *Graham* v. *Hunter* (266 App. Div. 576, 580) : " The provisions of the agreement manifest an intention of the parties that the payments to be made were * * * not to cease upon a remarriage by plaintiff."

It follows that plaintiff is entitled to judgment as prayed for. The motions for nonsuit and dismissal of the complaint made by defendant's counsel at the close of the case, decisions on which motions were reserved, are denied, with an exception to the defendant. The motion of plaintiff's counsel to dismiss the defendant's counterclaim is granted, with an exception to the defendant. Appropriate findings and proposed judgment may be submitted for signature.