GILDA DAVIS, Respondent, v. AARON WELBER, Appellant.

First Department, March 13, 1951.

*David J. Landau* for appellant.

*Alfred H. Adler* of counsel (*Milton H. Adler* with him on the brief; *Adler & Adler,* attorneys), for respondent.

CALLAHAN, J. The plaintiff brings this action against her former husband to recover arrears of weekly installments allegedly due for her support since March 7, 1945, under the provisions of a separation agreement.

On October 25, 1944, the parties, who were then husband and wife residing in the State of New York and without issue, entered into a separation agreement requiring the defendant to pay $100 a week for the support and maintenance of his wife. It was also provided that " this agreement shall be binding with like force and effect as though entered in a judgment or by a decree in the Supreme Court of the State of New York in a

matrimonial action instituted between the parties for a separation. * * * if, hereafter any interlocutory or final judgment or decree shall be entered in any action or proceeding for a divorce of the parties hereto, this agreement shall nevertheless continue in full force and effect and shall not be merged into any such interlocutory or final judgment but shall survive the same and be a considered part thereof * * *.''

Subsequent to the making of the agreement aforesaid, and on March 8, 1945, the plaintiff obtained a Florida divorce from the defendant in an action wherein the husband duly appeared. The plaintiff lost no time in remarrying. On the day following her divorce she married her present husband, by whom she has ever since been supported and maintained.

Though the parties are not in accord as to the meaning and effect of its provisions for support of the wife, we find that the agreement as a whole in no way indicates an intention to require the defendant to continue payments after the plaintiff's remarriage. The fact that the agreement was to survive any divorce does not mean that its provisions for support were to survive remarriage of the wife. The agreement appears to be complete and valid on its face. While it contains no express limitations as to time during which the payments were to continue for the wife's support, silence on this point would not make the agreement any less complete or subject to parol proof.

The agreement must be construed in the light of the public policy of this State, where it was executed and was to be performed. In the absence of an express agreement, a woman situated like the plaintiff may not compel support by her former spouse while living with a second husband and receiving support from him (*Kirkbride* v. *Van Note,* 275 N. Y. 244; *Schley* v. *Andrews,* 225 N. Y. 110; see, also, Civ. Prac. Act, § 1172-c).

If the provisions for maintenance were embodied in a judgment for separation, we think that such provisions would be unenforcible or suspended upon remarriage of the wife, and that the obligation for support would continue with the second husband (*Schley* v. *Andrews, supra*). Though section 1172-c of the Civil Practice Act relating to modification of decrees after remarriage refers only to judgments of divorce, annulment, or declaration of nullity of a void marriage, it expresses the public policy as to the effect of remarriage on such decrees. We may assume that the statute makes no reference to separation because remarriage can only follow upon a decree in dissolution of the first union. The same public policy, however, applies where divorce and remarriage have followed a decree of sepa-

ration as where remarriage has followed a decree of divorce or annulment. (See *Schley* v. *Andrews, supra,* and *Goodman* v. *Goodman,* 82 N. Y. S. 2d 318.)

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the defendant's motion for judgment on the pleadings granted, and judgment directed to be entered dismissing the amended complaint herein.

PECK, P. J., COHN, VAN VOORHIS and HEFFERNAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs. [See *post,* p. 823.]