MILDRED NERO, Appellant, *v.* DOMINIC NERO, Respondent.

County Court, Schenectady County, May 1, 1951.

*Arthur Ward* and *William F. Hahn* for appellant.

*Alexander Grasso* for respondent.

LIDDLE, J. The unverified complaint upon this appeal alleges that during the pendency of an annulment action in the Supreme Court, Schenectady County, an alleged cash settlement was entered into whereby defendant husband promised to pay the

plaintiff herein, his wife, the sum of $1,000 in cash as and for counsel fees, money loaned by wife to husband and for support and maintenance and for certain other personal property settlement.

The complaint further alleges that the annulment was granted and that no part of said $1,000 was paid except the sum of $300 for counsel fees, and demands a judgment in the sum of $700 against the defendant-respondent. The defendant-respondent admitted the allegation that an annulment had been granted and the allegation of jurisdiction of the parties as being in the city of Schenectady but denies each and every other allegation in the complaint. As a further affirmative defense the defendant alleges that the alleged agreement or settlement is void as against public policy and in violation of section 51 of the Domestic Relations Law.

From the testimony taken upon the trial it appears that during the pendency of the action a conversation was had between the husband and wife. The wife testified that the conversation had with her husband was as follows and the court quotes: '' What about support for me, you know I can't work.'' And he said '' Well, go ahead, get your annulment.'' and '' I asked about support and I also told him that we could not make a go of it, so I said I have to pay a lawyer '' and he said '' I will give you a thousand dollars and that is how the conversation ended.''

It appears further from the testimony that since the decree of annulment became final the plaintiff-appellant herein has remarried and is now Mrs. Edwards. On direct examination, defendant-respondent denied this conversation. However, on cross-examination it may be inferred that such a conversation was had between the parties. These facts as it appears to this court, are the essential facts upon which the plaintiff, former wife, contends that she was entitled to a verdict in her favor. This court deems it unnecessary to comment upon other testimony in the record.

Plaintiff-appellant's right of alimony and counsel fees were incidents to the statutory action of annulment. (*Weintraub* v. *Weintraub*, 302 N. Y. 104.) Also, further sums of money referring to support and maintenance or money loaned were collateral subjects incidental to the marital relations then existing between the husband and wife and should have been a proper subject upon motion in Supreme Court. The only forum which had jurisdiction of the entire subject matter of the marital relations between the parties was the Supreme

Court and the City Court below was without jurisdiction of the subject matter of the action. (*Schley* v. *Andrews,* 225 N. Y. 110; see, also, Civ. Prac. Act, § 1172-c.)

It is further to be noted that since the granting of the final annulment decree, plaintiff-appellant has remarried. Accordingly, the alleged agreement was against public policy and void. See *Davis* v. *Welber* (278 App. Div. 36).

Judgment of the City Court is affirmed and the complaint dismissed, with costs. Submit order.