CARGILL, INCORPORATED, Respondent, v. SPARE-WAY FOOD PRODUCTS OF N. Y., INC., Appellant.— Appellant made a demand for a change of venue from New York County to Kings County. The demand was not complied with and appellant's motion under rule 146 of the Rules of Civil Practice, was denied, without prejudice. Some two and a half months after service of the demand, appellant brought the within motion, on the ground of residence. The motion was denied. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.

In the Matter of BRALUS CORPORATION et al., Appellants, against IRVIN BERGER, Respondent.— Appeal by petitioners from an order denying their motion summarily to discharge a mechanic's lien filed by an architect for the reasonable value of services in the preparation of preliminary studies and the drawing of preliminary plans for several apartment buildings, which were never used because the project was abandoned before any work was actually done on the property. Order affirmed, with $10 costs and disbursements. Prior to 1916, an architect was not entitled to a mechanic's lien for services rendered solely in preparing plans. (*Thompson-Starrett Co.* v. *Brooklyn Heights Realty Co.*, 111 App. Div. 358; *Spannhake, Inc.*, v. *Mountain Constr. Co.*, 159 App. Div. 727.) By chapter 507 of the Laws of 1916, section 2 of the Lien Law was amended to permit a lien for the drawing of plans, even though no building was erected on the property. (*Hohauser* v. *S. & S. Development Co.*, 237 App. Div. 849; 3 Fiero on Particular Actions and Proceedings [4th ed.], p. 2293.) By chapter 608 of the Laws of 1934, section 2 of the Lien Law was further amended by broadening the definition of the term "improvement" to include the drawing of plans "prepared for or used in connection with such improvement". The amendment must be deemed to have been intended to include the drawing of preliminary plans because work in drawing final plans was lienable prior to the amendment. Nolan, P. J., Adel, Schmidt and Beldock, JJ., concur; Wenzel, J., dissents and votes to reverse the order and to grant the motion to discharge the lien, with the following memorandum: Section 2 of the Lien Law provides that the term "improvement" "shall also include the drawing by any architect * * * of any plans or specifications * * * which are prepared for or used in connection with such improvement". Respondent's notice of lien states, "The labor performed consisted of architectural services including studies and site planning * * * the preparation of *preliminary* studies; and the drawing of *preliminary* plans". (Emphasis supplied.) Buildings are not erected on "preliminary" studies and "preliminary" plans. The statute must be strictly construed, and I believe it was never the intention of the Legislature to provide for "preliminary" service which, as such, could not be the basis for the improvement of the property.