In the Matter of Muriel S. Gluck, Appellant, against Alvin McK. Sylvester et al., Respondents.

First Department, May 8, 1956.

*Stanley M. Dorman* of counsel (*Roth & Riseman,* attorneys), for appellant.

*Harry W. Davis* of counsel (*Joseph Levy* with him on the brief; *Harry W. Davis*, attorney), for Alvin McK. Sylvester, respondent.

*Per Curiam.* The respondent Sylvester and the petitioner Gluck were husband and wife. In 1948 they entered into a separation agreement. As an incident to this agreement a trust was established and the husband conveyed in cash and securities $15,000 to a trustee, the income to be applied by the trustee for the support of the wife.

It was agreed that upon the death of either party to the marriage the survivor would receive the principal of the trust fund. It was additionally provided that, if, after August 1, 1949, the wife should be unmarried, or if she be married "to any person whatsoever and shall be judicially or legally separated from such person" the wife should then have the right to terminate the trust and receive the entire trust fund.

Immediately after the execution of the separation and trust agreements the wife obtained a divorce in Nevada and thereafter remarried. Her present husband is a man of extensive wealth and is now adequately maintaining and supporting her. The central problem presented by this appeal is whether payments of income from the trust fund are to be made to the wife; or whether they are to be paid to the husband under the public policy of the State in view of the remarriage of the wife and the adequate provision for her support made by her present husband.

Procedurally the course followed by the parties was this: the trustee named in the trust deed having resigned, the former wife as petitioner moved for the appointment of a successor trustee; for a direction that the resigning trustee account to his successor and to the petitioner; and pay the corpus to the successor and the accumulated income to the petitioner.

The respondent in his answer joins in the petitioner's request for the appointment of a successor trustee, but seeks certain affirmative relief. He asks that the successor trustee be directed to pay all accumulated income from the trust fund and any future income to him; and to account to him.

Petitioner moved to strike out the application for affirmative relief; and respondent by cross motion asked that the affirmative relief sought by him in his answer be granted.

The court at Special Term granted the prayer for relief in the petition to the extent it sought the appointment of a successor trustee. For the rest it granted the affirmative relief sought by respondent by directing that the resigning trustee

pay over to the respondent accumulated income from the trust and by directing that the successor trustee pay future income to the respondent.

We think the respondent is not entitled to the accumulated or future income from the trust. A grant of property in trust is as valid as the transfer of any other property to a wife in adjustment of her future claim of support after a separation of the parties. The continued payments of the income from such a trust, whether the wife's economic condition is better or worse, is not contrary to the public policy of New York.

This agreement in express terms envisioned the possibility that the wife would remarry; and it did not provide that in such case the trust would terminate. The specific grant of property either to a wife directly or to a trustee for her benefit is something quite different from a separation agreement under which a former husband might be called upon to pay out of his current resources money to support a former wife being maintained by a second husband (*Davis* v. *Welber,* 278 App. Div. 36).

The trust fund is the product of an actual grant of property for the benefit of the wife. An executed trust is not affected by the remarriage of the wife (*West* v. *Burke,* 165 App. Div. 667, affd. 219 N. Y. 7; see, also, *Graham* v. *Hunter,* 266 App. Div. 576).

The order insofar as appealed from should be modified by striking out the respondent's pleading seeking affirmative relief and by denying his application that the accounting trustee pay accumulated income to him; and as thus modified, the order should be affirmed, with costs to appellant. Settle order.

BOTEIN, J. P., RABIN, FRANK, VALENTE and BERGAN, JJ., concur.

Order, so far as appealed from, unanimously modified by striking out the respondent's pleading seeking affirmative relief and by denying his application that the accounting trustee pay accumulated income to him and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.