Herbert D, Hamm, J.
This is a motion for summary judgment for installments provided for in a settlement and separation agreement entered into by the plaintiff and the defendant shortly before their divorce.
The terms of the agreement are undisputed. The agreement was executed in August, 1952. The parties settled their property rights. The events leading to the agreement and the situation of the parties at the time it was executed appear in the plaintiff’s moving affidavit and are uncontradicted. The agreement made provision for security for payment to the wife of the proceeds of a joint bank account and of a sale of property held by them as tenants by the entirety. It acknowledged division of personal and household property to mutual satisfaction. The wife, who had been ill in a mental hospital, continued custody of her child in her husband subject to visitation. The agreement clearly contemplated divorce as it provided that in the event of an action for divorce by either party the parties would still be bound by all of its terms. Both parties waived and relinquished their rights to share in the estate of the other and agreed that the contract should be binding on their heirs, executors, administrators and assigns. As to support the agreement was specific in reciting:
“ The husband agrees to pay to the wife for her full and complete support and maintenance the sum of $12 per week, on Saturday of each and every week hereafter * * * which
sum is for the support and maintenance of the wife as long as she may live.
1 ‘ Accordingly, the foregoing paragraph providing for the support and maintenance of the wife, is hereby accepted by the wife upon full knowledge of the financial earning power of the husband and the fact that he is maintaining a home for such child and is supporting, maintaining, educating said child all of which the wife has taken into consideration in agreeing that she will from this date and for as long as she lives support and maintain herself upon the payment to her of said $12.00 a week, as herein agreed upon.”
In November, 1952, the wife obtained a divorce. The agreement was incorporated in the decree. However the agreement recited: ‘ ‘ this agreement shall not be merged in any decree or judgment that may be granted in such action, but shall survive the same and shall be forever binding and conclusive on the parties.” There was no merger (Meyer v. Meyer, 5 A D 2d 655).
The wife remarried on October 12, 1957. (That her second marriage since has been annulled is immaterial.) It is the pay *148 ments due on October 12, 1957, the date of the remarriage, and thereafter that are in issue. After the plaintiff’s remarriage I granted a motion to modify the decree of divorce by expunging the support provision but ‘ ‘ without prejudice to the right of the wife to seek relief under the provisions of the contract of August 12,1952 ” (Severance v. Severance, 235 App. Div. 799, mod. 260 N. Y. 432) and stated that no opinion as to the plaintiff’s right to support under that contract was expressed. The present action at law is based upon the agreement and is not a proceeding under provisions of the Civil Practice Act to give force to provisions of a divorce decree.
The defendant does not plead payment in his answer nor does he dispute the accuracy of the amount claimed. His affidavit merely recites the remarriage of the plaintiff and asserts ‘ ‘ that the cause of action expressed in the complaint herein is in conflict with the expressed public policy of the State of New York and unenforceable.” It is significant that the defendant nowhere asserts that the remarriage of the plaintiff was not contemplated by the agreement. He does not maintain that the provisions of the agreement itself manifest any intention that the payments to be made were to cease on a remarriage of the plaintiff. His defense as contained in his affidavit is merely that an agreement providing for support but without a condition subsequent as to remarriage is unenforcible as repugnant to public policy. Section 1172-c of the Civil Practice Act provides that on proof of the marriage of the wife after a final judgment of divorce any judgment or orders directing payments of money for the wife’s support “ must ” on application be annulled. But public policy does not strike down contracts in which, as a part of the agreement, the husband has assumed obligations supplementing the obligation arising from the matrimonial relation by agreeing to make payments to the wife after her marriage or during her natural life (Schmelzel v. Schmelzel, 287 N. Y. 21; Goldman v. Goldman, 282 N. Y. 296, 303; Galusha v. Galusha, 133 N. Y. 272; Carpenter v. Osborn, 102 N. Y. 552; Graham v. Hunter, 266 App. Div. 576; Frank v. Correll, 237 App. Div. 849, motion for leave to appeal denied 237 App. Div. 897; Wersinger v. Cook, 187 Misc. 1059; contra Spatz v. Spate, 10 Misc 2d 1). Davis v. Welber (278 App. Div. 36) is not a holding to the contrary; the contract there was construed as not envisioning support of the wife after remarriage; the agreement was not unconditionally for life, but merely that it would survive divorce.
As to the agreement here it is apparent from examination of its workmanship that it was artistically drafted by able counsel *149 and it is not disputed that it was the result of negotiations between the attorneys for the parties. It may be noted that an agreement to support for life may be enforcible as such without stating expressly that it will not be terminated by remarriage or that it will survive remarriage (Frank v. Correll, 237 App. Div. 849, supra; Wersinger v. Cook, 187 Misc. 1059, supra). And such an agreement may be enforcible for life although remarriage is not mentioned provided it appears that the agreement so contemplated (Graham v. Hunter, 266 App. Div. 576, supra). It is nowhere claimed that the contract was tinged with fraud or duress and the contract states that modification of any terms of the instrument “ shall be valid only when in writing and executed with the same formality ” as the agreement itself and further provides that it “ contains the entire understanding of the parties and is absolute, unconditional and irrevocable ” (emphasis supplied). The contract itself precludes ambiguity by the exclusion of conditions not expressed. I think I am without power under the guise of construction or interpretation to interfere with the written contract which the parties entered into by supplying or inserting a condition subsequent in a contract by its express terms without condition, containing the entire agreement of the parties and subject to modification only by writing formally executed. The motion is granted.
Submit order on three days’ notice. The motion papers will be forwarded with the signed order.