■ JOSEPHINE MURRAY, Respondent-Appellant, v. HERBERT A. HASSMAN, Appellant-Respondent.— In an action to recover arrears allegedly due under a separation agreement, the parties cross-appeal, by permission of this court, from so much of an order of the Appellate Term, Second Judicial Department, entered October 22, 1965, as affirmed an order of the Civil Court of the City of New York, Queens County, entered June 4, 1965, which denied their respective cross motions for summary judgment on the second cause of action alleged in the complaint, to wit, to recover amounts due from August 27, 1963 to October 16, 1964. Order modified so as to grant plaintiff's motion for summary judgment; as so modified, order insofar as appealed from, affirmed, with $10 costs and disbursements. The parties to this separation agreement specifically provided that the husband was to pay the wife $25 per week for her support and maintenance "until the wife shall remarry or die, whichever shall first occur." They also provided that "in the event that any action for absolute divorce is instituted at any time hereafter by any of the said parties hereto in this or any other State, the parties shall be bound by the terms of this agreement." Defendant husband contends that his marital obligations, and accordingly his support obligations under the agreement, terminated when he obtained an absolute divorce in New York based upon plaintiff's adultery. We cannot agree. It has long been the rule in New York that, absent express provision, the wife's adultery is *no* defense to her action to recover payments under a settlement agreement (*Fearon* v. *Earl of Aylesford,* 14 Q. B. D. 792; *Galusha* v. *Galusha,* 116 N. Y. 635; *Davis* v. *Davis,* 8 A D 2d 566; see *Rosenberg* v. *Rosenberg,* 46 Misc 2d 693, 696). Even if the wife remarries, her remarriage is no defense unless the parties to the settlement agreement so provide (*Gush* v. *Gush,* 14 Misc 2d 146, affd. 9 A D 2d 815). In other words, the obligations of the settlement agreement can survive a termination of the marital relation *if* the parties intend (see *Galusha* v. *Galusha, supra,* p. 643). In the case at bar, the parties agreed that their obligations under the agreement were to be unaffected by any action for absolute divorce in *this* or any other State. There was nothing wrong with such a provision: it was not contrary to public policy (see *Gush* v. *Gush, supra*) ; and it is not claimed that the provision (or any portion of the agreement) was tainted with fraud or duress. Under all the circumstances, we see no reason why defendant should not be bound by the clear language of the agreement (see *Galusha* v. *Galusha, supra,* p. 643; *Goldman* v. *Goldman,* 282 N. Y. 296, 300). We also see no reason why plaintiff's motion for summary judgment should not be granted. When considering such a motion, the court must search the proof, as proffered by affidavits or otherwise, to ascertain whether it discloses a real issue, a triable issue, rather than a feigned or shadowy one (see *Rubin* v. *Irving Trust Co.,* 305 N. Y. 288, 306; *Schillinger* v. *North Hills Realty Corp.,* 15 A D 2d 539). Here, defendant raised the defense of remarriage in his answer to plaintiff's complaint but thereafter remained strangely silent. His affidavits in support of his own motion for summary judgment and in opposition to plaintiff's motion contained no reference whatsoever to plaintiff's alleged remarriage. His brief in this court likewise makes no mention of the defense. In short, defendant has offered

no proof showing the existence of a *real* issue of fact; plaintiff's motion should have been granted. Ughetta, Hill, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: The separation agreement in this case was executed on January 5, 1962. Plaintiff wife committed adultery in January 1963. Defendant husband obtained his divorce against plaintiff because of such adultery on August 27, 1963. In my opinion, by reason of paragraphs 6 and 7 of the separation agreement, there is a question of fact as to whether the parties contemplated that defendant's obligations should survive a decree of divorce because of the wife's adultery.