Daniel E. Maceen, J.
The parties were married in 1954 and at the time of their separation in 1963 had three minor children. In 1963 they entered into a separation agreement which in separate paragraphs provided for weekly payments for support of the wife and children; gave plaintiff custody of the children, with detailed provisions for visitation rights by defendant; and each party relinquished any right to share in the other’s estate in the event of the death of either party.
February 22, 1965 in an action commenced by him in the State of Chihuahua, Mexico, in which plaintiff appeared by attorney, defendant secured a judgment of divorce. Although the agreement is silent on the subject, the judgment provided that it be “ incorporated by reference into this decree, same as if it were recited in full, in order that it survive and be in *654 full force and legal effect, after the final judgment, without merging it with same Both parties have remarried, defendant March 13, 1965 and plaintiff June 24, 1967. Defendant continues to make the payments provided for support of the children but discontinued payments for plaintiff’s support sometime after her remarriage when, as alleged by him, he first learned of the remarriage.
Plaintiff has commenced this action to recover unpaid amounts for her support allegedly payable under the agreement. Defendant has counterclaimed for judgment declaring the agreement null as having been merged with the divorce judgment; specifically declaring the provisions for plaintiff’s support null as of the time of her remarriage; and requiring plaintiff to repay the amount of such payments made after her remarriage.
Defendant’s contention that the agreement merged in the judgment of divorce is without merit. The judgment was sought and obtained by him, and plaintiff’s appearance in the action was conditioned upon a requirement that the agreement be incorporated in and survive the judgment. Plaintiff is estopped from questioning the validity of the judgment’s provisions. (See, also, Meyer v. Meyer, 10 Misc 2d 728, mod. 5 A D 2d 655.)
I am of the opinion, however, that defendant’s obligation to make payments for plaintiff’s support under the agreement terminated upon her remarriage. The agreement is entirely silent as to its duration or the effect on its provisions of a subsequent divorce and plaintiff’s remarriage. In summarizing an extensive analysis of cases on the subject it was said in Ann. 48 ALB 2d 318, 320, ‘£ While there is little authority directly in point, it is a fair inference from all the cases within the scope of this annotation that, unless a contrary intention is expressed in the agreement, the wife’s remarriage terminates the husband’s obligation to support her under a separation agreement which is silent on the question of the wife’s remarriage.”
, While agreements in Graham v. Hunter (266 App. Div. 576) construed as a property settlement, and Gush v. Gush (14 Misc 2d 146, 147, affd. 9 A D 2d 815) stating that payments were £ £ for the support and maintenance of the wife as long as she may live ” survived the wife’s remarriage, nothing in the present agreement supports an inference that such was here intended. Although the agreement in Davis v. Welber (278 App. Div. 36, 37-38) may be distinguished in that it provided ££ this agreement shall be binding with like force and effect as though entered in a judgment or by a decree in the Supreme Court *655 of the State of New York in a matrimonial action instituted between the parties for a separation ’ in which event the court might have discretionary power to modify the agreement (cf. section 248 of the Domestic Relations Law, which does not encompass separation actions) the reasoning of the court seems to support the conclusion here reached. (See, also, Herda v. Herda, 48 Cal. 2d 228.)
With respect to defendant’s counterclaim for repayment of support payments to plaintiff made after her remarriage, it has been held that modification of a divorce decree in such an event ‘1 applies nunc pro tunc as of the time of the remarriage to all unpaid alimony” (emphasis supplied) (Kirkbride v. Van Note, 275 N. Y. 244, 249) and that payments under a decree made after the remarriage may be offset, against arrears existing at the time of the remarriage (Reichel v. Sollazzo, 38 Misc 2d 217). Here, the alleged payments after plaintiff’s remarriage were made not only pursuant to the agreement but in compliance with the Mexican judgment. As snch, they may not be recovered back by defendant. (Averett v. Averett, 110 Misc. 584, affd. 191 App. Div. 948; Griffin v. Griffin, 219 App. Div. 370; Schneider v. Schneider, 204 Misc. 918.)
Although defendant has not cross-moved, a motion for summary judgment searches the record. A judgment without costs may be entered: (1) dismissing plaintiff’s complaint; (2) dismissing defendant’s counterclaim insofar as it seeks recovery of payments made for plaintiff’s support subsequent to her remarriage; (3) declaring that defendant’s obligation to make payments to plaintiff for her support under the agreement terminated upon her remarriage: (4) declaring that in all other respects the agreement is valid and enforceable.