**William T. FRANCIS, Appellant,**

v.

**Delores H. Francis MURRAY, Appellee.**

No. 5876.

District of Columbia Court of Appeals.

Argued Oct. 5, 1971.

Decided Dec. 20, 1971.

Winfred R. Mundle, Washington, D. C., for appellant.

Carlisle E. Pratt, Washington, D. C., with whom Shellie F. Bowers, and Sharon Pratt Dixon, Washington, D. C., were on the brief, for appellee.

Before NEBEKER, REILLY and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

The appellant, husband, brings this appeal only to that portion of the judgment below which awarded the appellee, wife, $615 on her counterclaim for extraordinary dental expenses pursuant to the settlement and support agreement executed by the parties and approved by the court in their earlier divorce proceeding. Both parties had remarried when the appellee incurred the extraordinary dental expense in question here which she claims is the responsibility of the appellant by virtue of section 7(e) of the agreement which reads in pertinent part:

> The husband agrees . . . to pay all extraordinary medical and dental expenses of the minor children and the wife, during their minority.

For reasons not in issue here, appellant's complaint was dismissed by the court and the case went to trial on the wife's counterclaim. Appellant stipulated that the dental services rendered the wife constituted "extraordinary" dental expenses within the meaning of paragraph 7(e) but he defended on the basis that when the appellee remarried she was no longer "the wife" referred to in the agreement.

Appellant claims the trial court erred in excluding extrinsic evidence regarding the meaning in the agreement of the word "wife" and in ruling that he was liable for the appellee's extraordinary dental expenses in the sum of $615.

The only proffer of extrinsic evidence made by appellant was his own testimony and that of his attorney regarding their understanding of the meaning of the paragraph 7(e) which was ruled inadmissible by the trial court. In view of our disposition of the case on other grounds we do not reach that issue.

■ The general rule is that a husband's liability for the debts and necessaries of the wife [1] ceases upon her remarriage unless continued liability on his part is expressly provided for in the separation agreement or divorce decree. Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284 (1954); Davis v. Welber, 278 App.Div. 36, 103 N. Y.S.2d 239 (1951). *See generally* Annot., 48 A.L.R.2d 318, 320 ff (1956). The reason for this rule is, of course, that after the wife remarries the new husband assumes the responsibility for her support.

■ The nature of the separation agreement here distinguishes this case from those decisions that hold that under certain circumstances the husband's obligation continues after the wife remarries such as where he has agreed to pay a lump sum in installments, or to make payments as long as the wife lives, or where his promise to pay in a property settlement agreement was in exchange for the wife's agreement

that he be awarded some of their jointly held property.[2] We are not critical of the reasoning in those cases but merely point out that they are inapposite here since the appellant's promise was more in recognition of a responsibility to support his wife after the divorce than in consideration of a property settlement agreement that awarded all of their property to the wife.

It is quite clear that these parties took into consideration the effect of a remarriage by the wife on the ex-husband's obligation to support her since they gave full recognition to it in paragraph 7(a) (3) in the following manner:

In no event *(even if the wife remarries)* shall the remaining amount for the reduction set forth in subsections (1) and (2) of subsection (a) of Paragraph 7 above, cease until both children have attained their majority, married, (during their minority) become emancipated or died, whichever event shall first occur. (Emphasis supplied.)

The parties also gave recognition to the problem of a subsequent remarriage by the wife in section 4 of the agreement wherein they agreed that if she remarries, the beneficiary of the husband's life insurance policy shall be changed from the wife to the children.

Although paragraph 7(e) is not clear as to the duration of the husband's liability for the extraordinary medical and dental expenses of the wife, it is significant, if not convincing, that the parties omitted the decisive words—"even if the wife remarries"—which they had incorporated earlier in sections 4 and 7(a) (3) to make their intentions clear. In view of the general state of the law that lacking a specific agreement a divorced husband ordinarily is not liable for the debts of a remarried wife, we hold that whatever the parties here intended regarding the duration of the husband's liability for the extraordinary medical and dental expenses of his divorced wife, they did not in paragraph

1. D.C.Code 1967, § 30–211.

2. Annot., 48 A.L.R.2d 318, 320 (1956).

7(e) extend such liability beyond the point of her remarriage.

If the intent of the parties was that the husband should continue to be liable for the medical and dental expenses of the wife after her remarriage, it could have been expressed by the language used earlier in paragraph 7(a)— "even if the wife remarries". The omission of this vital, but simple wording in 7(e), particularly after it had been used twice previously in the agreement, must of necessity be deemed purposeful. Consequently, we hold that the parties did not by this agreement provide that the husband's liability for extraordinary medical and dental expenses should continue after the remarriage of the wife. It would be difficult to find any logical basis to hold otherwise. Accordingly, the judgment of $615 against the husband and in favor of the wife on her counterclaim for extraordinary medical and dental expenses must be reversed with instructions to enter judgment in favor of the appellant as to this part of the counterclaim.

Reversed with instructions.