James H. Boomer, J.
Plaintiff wife brought this action to recover a judgment for payments claimed due her under a separation agreement and the defendant husband moves for summary judgment dismissing the complaint. In issue is whether, under the separation agreement, the wife is entitled to payments after her remarriage.
After the date of the separation agreement, the parties were divorced, but the agreement survived the decree. Under the agreement, “ the husband hereby agrees to pay the Wife, the *406 sum of $500 per month commencing November 1, 1969, for a period of two years from November 1, 1969 provided, however, that in the event of the death of the husband within said two year period, payments shall continue to the Wife from the estate of her husband for a period of three years from November 1, 1969.” The agreement is silent concerning the effect of the wife’s remarriage upon the husband’s obligation to pay.
“Whether a husband’s obligation to pay his wife money under a separation agreement. survives her remarriage, is, unless the question is specifically settled by the terms of the agreement, a matter of construction of the agreement. The intention of the parties, as expressed in the agreement, is controlling.” (Ann. 48 ALR 2d 318, 320.) Here, the question is not specifically settled by the terms of the agreement; the agreement is silent concerning the effect of the wife’s remarriage upon the obligation to pay.
Where the agreement made no mention of the wife’s remarriage, and nothing was said concerning the duration of the payments, our courts have held, in the absence of any intention to the contrary, that the payments should terminate upon the wife’s remarriage (Griffin v. Faubel, 64 Misc 2d 653; Davis v. Welber, 278 App. Div. 36).
In Griffin (supra, p. 654), the agreement was “ entirely silent as to its duration or the effect on its provisions of a subsequent divorce and plaintiff’s remarriage ” and the court held that the obligation to pay ceased upon the remarriage.
In Davis (supra), the separation agreement provided for a monthly payment of $100 to the wife and it was also silent concerning the duration of the payments. Nothing in the agreemént indicated the obligation to pay should survive the wife’s remarriage. The court held that the obligation terminated upon remarriage.
Where, however, the agreement indicated an intention that the obligation was to survive the remarriage, the courts have held that the obligation continued despite the remarriage (Wersinger v. Cook, 187 Misc. 1059; Gush v. Gush, 14 Misc 2d 146, affd. 9 A D 2d 815; Graham v. Hunter, 266 App. Div. 576).
In Wersinger (supra), the agreement provided that if the wife remarried, the husband was relieved of the obligation to maintain life insurance for her benefit. From this express provision terminating the insurance benefits, upon remarriage, and the absence of any provision terminating the support payments, the court found an intention that the support payments were to survive remarriage.
*407 In Graham (supra, p. 578), the agreement provided that yearly payments of $12,000 were to be made to the wife ‘ ‘ ‘ mtil the establishment of the certain Trust Fund hereinafter referred to and described ’ ”. The trust fund was to be in the amount of $200,000, the income from which was to go to the wife and children during the plaintiff’s life. The wife remarried before the trust fund was established and the husband discontinued the yearly payments. On these facts the court held (p. 580), “ The provisions of the agreement manifest an intention of the parties that the payments to be made each year were not to cease upon a remarriage by plaintiff.”
In Gush (14 Misc 2d 146, 147, affd. 9 A D 2d 815), the agreement provided, “ ‘ The husband agrees to pay to the wife for her full and complete support and maintenance the sum of $12 per week, on Saturday of each and every week hereafter * * * which sum is for the support and maintenance of the wife as long as she may live.’ ” The court at Special Term construed this as an agreement to support the plaintiff for her life and held that the obligation was not terminated by her remarriage. The ruling at Special Term was affirmed by the Appellate Division, but that court showed an aversion to requiring a former husband to provide lifetime support to his divorced wife after her remarriage. It stated, “ We are of the opinion that any agreement with reference to marital rights and property settlements, as thus drawn, may continue for the life of one party, when the intent is so crystal clear, regardless of the marital 'status of the parties thereafter.” (Emphasis supplied.)
Here, we are not dealing with a provision of support for life, but only for a two-year period. The separation agreement was drawn and reviewed by counsel, and it would seem that when they took the trouble to limit the duration of the payments to two years, they would have expressly provided for any further limitation on the duration of the payments, such as the remarriage of the wife, had the parties so intended. I cannot say whether the intent of this agreement is as “ crystal clear ” as that in Gush (supra), but a reading of the agreement indicates that the payments are to terminate in two years and not 'sooner.
The defendant husband’s motion for summary judgment is denied. In view of the other issues raised in defendant’s answer, the matter must go to trial. At that time if either party can produce any competent evidence concerning the intention of the parties, they are not precluded by this decision from doing so.