■ WINIFRED J. GUSH, Respondent, v. VICTOR W. GUSH, Appellant.— Appeal from an order of Special Term granting summary judgment. The parties were married July 10, 1938. In 1945 the plaintiff, while living with the defendant, due to a mental disturbance, was confined to a hospital and remained there until July, 1952. She was released in the custody of her parents, defendant refusing to assume the responsibility for her care, support and maintenance. Thereafter and upon her return home, the plaintiff discovered defendant was living with another woman at their family home and as a result thereof a separation agreement was made and executed, settling certain real estate transactions and an agreement to pay the plaintiff $12 per week as long as she may live. It further provided that it [agreement] was " absolute, unconditional and irrevocable ", and in the event of any divorce proceeding, it would not merge but survive. The provisions for support and custody were to be incorporated in any marital decree or judgment. Thereafter plaintiff obtained a divorce in this State and some years subsequent plaintiff remarried and at the instigation of the defendant a motion was made and granted striking from the provisions of the final judgment of divorce " directing payments of money for the support of the wife " but without prejudice to the rights of the wife to seek redress under the provisions of the contract referred to herein. The defendant ceased making payments and this action was brought for the amount due. The defendant in his answer alleged no fraud, deceit or misunderstanding but merely that the plaintiff having remarried, the enforcement of the contract was against public policy. A reading of the contract convinces us that it was drawn carefully and after a full exploration of the rights of the parties and from which we conclude that the omission of any reference to remarriage was intentional and with the full knowledge and consent of both parties. We are of the opinion that any agreement with reference to marital rights and property settlements, as thus drawn, may continue for the life of one party, where the intent is so crystal clear, regardless of the marital status of the parties thereafter. It is apparent that the contract was for the primary interest of the defendant and he should not be allowed to take advantage of protection meant for the public. In *Graham* v. *Hunter* (266 App. Div. 576) the court said at page 580: " It would seem, however, that here defendant was not concerned with the contingency of

plaintiff's remarriage. * * It seems clear that such payments in the circum-stances were not to be subject to the limitation asserted by defendant that alimony is not payable after remarriage of the wife, unless otherwise expressly agreed. The provisions of the agreement manifest an intention of the parties that the payments to be made each year were not to cease upon a remarriage by plaintiff. 'Where a husband voluntarily settles property upon a wife, either as a matter of love and affection, or duty or in settlement of disputes between them, the conveyance is absolute and uninfluenced by the fact that she obtains a divorce and subsequently remarries.' (*West* v. *Burke*, 165 App. Div. 667, 672, affd. 219 N. Y. 7.)" The terms of the agreement, under the circumstances herein, are not against public policy and the equities are over abundantly in favor of the plaintiff. Order of the Special Term unanimously affirmed, with $10 costs to the respondent. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ. [14 Misc 2d 146.]