■ ANNA P. GANDELMAN, Respondent, v. MORRIS D. GANDELMAN, Appellant.— Defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, dated January 6, 1972 and made after a nonjury trial, as granted plaintiff a divorce, dismissed his counterclaim (amended at trial to a cause for divorce), and granted plaintiff alimony, child support and an additional counsel fee. Judgment modified, on the law and the facts, (1) by striking therefrom the first decretal paragraph, which granted plaintiff a divorce, and substituting therefore a provision dismissing the complaint and (2) by striking from the provision, in the fourth decretal paragraph, which granted plaintiff alimony the words "during her life". As so modified, judgment affirmed insofar as appealed from, without costs. The parties were married in 1961 and lived together until they voluntarily agreed to separate in 1968. The acts of cruelty testified to by plaintiff are defendant's exclamation that he was not prepared to accept the responsibilities of marriage and fatherhood, uttered during the early part of their marriage, followed by a two-day disappearance; a temporary refusal to give plaintiff $12 to buy their daughter a pair of shoes; and his spending a weekend at the Concord Hotel and not coming home on two successive Saturday nights thereafter. This behavior does not constitute cruel and inhuman treatment within the meaning of the statute (*Rios* v. *Rios*, 34 A D 2d 325). Awards of alimony cease to be enforceable upon the death of the husband, the death of the wife or the wife's remarriage, whichever occurs first (Domestic Relations Law, § 248; *Wilson* v. *Hinman*, 182 N. Y. 408; *Johns* v. *Johns*, 44 App. Div. 533, affd. 166 N. Y. 613). It was error to direct otherwise. Plaintiff is not self-supporting, has no trade

or profession to follow and requires assistance from defendant. The striking of the provision in the judgment granting her a divorce is based upon her failure to prove her case, not upon her misconduct. Therefore the alimony awarded may be continued (Domestic Relations Law, § 236). We do not find the amount awarded to be excessive. In addition, the outcome of this action does not bear upon defendant's duty to support his children. Accordingly, their support is continued at the amount fixed by the trial court. The other contentions raised by defendant are without merit. Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.