■ BARBARA JACOBS, Appellant, v RAYMOND E. PATTERSON, Respondent.—In an action to recover money allegedly due under a separation agreement, plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Felig, J.), dated September 7, 1984, as denied her motion for summary judgment except insofar as she was awarded judgment for arrears owing for three years prior to the commencement of her action until the date of her remarriage, and granted so much of defendant husband's cross motion for summary judgment on his counterclaim as sought money paid for plaintiff's support subsequent to her remarriage.

Order modified, on the law, by denying defendant's cross motion in its entirety. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Richmond County, for trial.

Defendant correctly concedes that the appropriate Statute of Limitations is the six-year statute applicable to contracts (*see,* CPLR 213). The general rule is that "[o]bligations under a separation agreement which accrued prior to six years before the commencement of an action for the recovery of arrears are barred by the six-year contract Statute of Limitations" (*Galyn v Schwartz,* 77 AD2d 437, 439-440, *appeal dismissed* 53 NY2d 701, *mod on other grounds* 56 NY2d 969, 972; *Matter of Philippe,* 31 Misc 2d 193, *affd* 19 AD2d 587, *affd* 14 NY2d 600; *Kominos v Kominos,* 12 Misc 2d 524, *affd* 9 AD2d 938). However, as with any other installment agreement, partial payment may function to revive a debt which would otherwise be barred; to have that effect, the payment must be made in circumstances from which "a promise may be inferred to pay the remainder" (*Crow v Gleason,* 141 NY 489, 493; *Galyn v Schwartz, supra,* at p 440). Here, the separation agreement

provided that defendant was to pay as alimony $100 per month plus one third of any change in his gross salary up to and including $13,000, and $100 per month as child support; yet for 10 years he paid $300 per month pursuant to a Family Court ordered payroll deduction order. It is unclear from the record how the arrears in this case were treated by the parties, and if defendant's actions were sufficiently unequivocal with respect to them that the indebtedness for these support arrears was revived.

With respect to defendant's counterclaim to recover moneys paid as support to plaintiff subsequent to her remarriage, it is a matter of public policy that one spouse, upon remarriage, may not compel support from a prior spouse (*see, e.g., Davis v Welber,* 278 App Div 36; *Gush v Gush,* 9 AD2d 815). Here, the agreement was silent concerning the effect of remarriage upon defendant's support obligations, and as nothing in the agreement in any way implies that the obligation is to continue, no such obligation should be assumed (*see, e.g., Davis v Welber, supra; Graham v Hunter,* 266 App Div 576; *Griffin v Faubel,* 64 Misc 2d 653). Nevertheless, summary judgment was improperly granted here on defendant's counterclaim, as it must first be determined what each party owes to the other, and whether either party is entitled to a setoff against the other. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.