■ Salvatore Scibetta, Respondent, v Marie L. Scibetta-Galluzzo, Appellant.—Order unanimously affirmed with costs. Memorandum: The parties were married on January 31, 1953. On July 27, 1978, they entered into a property settlement agreement providing, *inter alia:* "Alimony. The Husband shall pay to the Wife the sum of Fifty Dollars ($50.00) per week for her support and maintenance." The agreement is silent as to the effect of the wife's remarriage on the husband's support obligations. A divorce was granted to the wife upon the husband's default on September 6, 1978. The agreement of July 27, 1978 was incorporated by reference, but not merged, into the final decree of divorce.

The husband fully complied with the terms of the agreement until the week of July 7, 1986. The wife remarried on July 12, 1986. On July 28, 1986, the husband petitioned to modify the divorce decree by eliminating the provision for alimony. Family Court ordered that the modification be granted eliminating alimony "to the date of the petition".

It is settled that an agreement requiring a spouse to support

a prior spouse after remarriage is enforceable and is not against public policy *(see, Gush v Gush,* 9 AD2d 815; *Alexandre v Davis,* 90 Misc 2d 368, *mod on other grounds* 57 AD2d 764, *lv denied* 42 NY2d 965; *Collins v Johnson,* 72 Misc 2d 1034, *affd* 75 Misc 2d 489). It is, however, a matter of public policy that a spouse, upon remarriage, may not compel support from a former spouse *(Jacobs v Patterson,* 112 AD2d 402; *see, e.g., Davis v Welber,* 278 App Div 36; *Gush v Gush, supra; see also,* Domestic Relations Law § 248; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C248:1, at 817-818). Thus, unless the agreement between the parties specifies that the support obligation is to survive the former spouse's remarriage, such an obligation should not be assumed *(Jacobs v Patterson, supra; Graham v Hunter,* 266 App Div 576; *Griffin v Faubel,* 64 Misc 2d 653). Here, since the agreement was silent concerning both the duration of the support obligation and the effect of remarriage on that obligation, it should not be deemed to continue. Accordingly, the order modifying the divorce decree to eliminate the husband's alimony obligation was properly entered. (Appeal from order of Niagara County Family Court, Lerch, J.H.O.—support.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.