■ BARBARA JACOBS, Appellant, v RAYMOND E. PATTERSON, Respondent.—In an action to recover money allegedly due under a separation agreement, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Radin, J.H.O.), entered May 15, 1987, as, after a nonjury trial, granted the defendant husband judgment in the amount of $9,556 on his counterclaim to recover alimony paid to the plaintiff subsequent to her remarriage.

Ordered that the judgment is modified, on the law, by reducing the award to the defendant to $7,800; as so modified, the judgment is affirmed, without costs or disbursements.

We find that no reasonable view of the evidence supports the plaintiff's contention that payments directed by the payroll deduction order included any payment toward arrears so as to revive the defendant's obligation to pay those arrears which were otherwise time barred by the six-year Statute of Limitations for causes of action arising from a breach of contract (see, CPLR 213 [2]; see also, Jacobs v Patterson, 112 AD2d 402). The payroll deduction order made no determination as to the amount of the arrears due and, indeed, directed that arrears be held in abeyance. Nor is there any indication in the record that either party elected to allocate any part of the support payment toward arrears (see, Galyn v Schwartz,

77 AD2d 437, *mod on other grounds* 56 NY2d 969). Furthermore, the payments were not voluntary but rather were made under the compulsion of the payroll deduction order and, as the plaintiff concedes, the defendant was unwilling to make any support payments prior to the order. The payments were thus not made "by circumstances * * * from which a promise may be inferred to pay the remainder" and therefore did not revive any time-barred debts *(Crow v Gleason,* 141 NY 489, 493; *Jacobs v Patterson, supra).*

We also reject the plaintiff's contention that, in awarding the defendant a money judgment, the court violated the general rule that overpayments of alimony are not subject to restitution or recoupment *(see, e.g., Haas v Haas,* 271 App Div 107; *Matter of Klein v Klein,* 58 AD2d 811). That general rule cannot apply where the excess payments result from the remarriage of the recipient spouse. As a matter of law, alimony terminates upon remarriage of the recipient spouse *(see,* Domestic Relations Law § 248; *Gandelman v Gandelman,* 39 AD2d 727) and payment of alimony beyond the remarriage, absent an agreement to the contrary, violates public policy *(see, Davis v Welber,* 278 App Div 36, *lv denied* 278 App Div 823; *Jacobs v Patterson, supra).* No such agreement is present here. Accordingly, the defendant was entitled to recover what he paid the plaintiff in alimony for four years after the plaintiff's remarriage. However, we find that the $100 increase in payments directed by an order of the Family Court, Richmond County, dated July 19, 1973, was to be allocated equally between child support and alimony and, therefore, the defendant's overpayment of support was $7,800 rather than $9,556.

We have considered the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman and Harwood, JJ., concur.

Kooper, J., concurs insofar as the judgment is modified, but otherwise dissents and votes to further modify the judgment by reducing the award to the defendant to $5,200, with the following memorandum: Although I otherwise concur in the majority's conclusion, I cannot subscribe to the court's determination that the $100 increase in monthly payments arising by virtue of an order of the Family Court, Richmond County, dated July 19, 1973, must be allocated equally to child support and alimony for the purposes of calculating the credit due the defendant for sums paid after the plaintiff's remarriage.

In prior litigation, both the plaintiff wife and the defendant husband moved for summary judgment on their respective

claims, the plaintiff for arrears allegedly due and owing and the defendant for the recovery of sums paid pursuant to the order of the Family Court dated July 19, 1973, after the plaintiff's 1979 remarriage of which, I note, she duly informed the Family Court. The Supreme Court granted the parties' motions. On appeal, this court modified the Supreme Court's order by denying the defendant's motion in its entirety, noting that summary judgment had been improperly granted since "it must first be determined what each party owes to the other, and whether either party is entitled to a setoff against the other" *(Jacobs v Patterson,* 112 AD2d 402, 403).

A hearing was held with respect, *inter alia,* to the extent to which the defendant would be entitled to recoup certain portions of the sums he paid pursuant to the order of the Family Court dated July 19, 1973, after the plaintiff's remarriage. After the hearing had been completed, the Judicial Hearing Officer determined, *inter alia,* that all of the $100 increase ordered by the court in 1973 could be recouped, subject to the plaintiff's setoffs for arrears not barred by the Statute of Limitations. This order was made even though there was no proof adduced by the defendant that the additional $100 sum awarded under the 1973 order was attributable to the plaintiff's alimony and not to child support. It is notable, moreover, that none of the papers pertaining to the granting of the 1973 order are contained in the record. Furthermore, the order itself does not indicate how the $100 award was to be allocated between child support and alimony. On appeal—and despite the foregoing—the majority has modified the order appealed from by determining, without any evidentiary basis in the record, that the $100 increase provided for in the 1973 order of the Family Court was intended to be "allocated equally between child support and alimony". I dissent from this determination.

In my view, it was the defendant's burden to establish at the hearing precisely what proportion of $100 monthly increase was attributable to alimony and thus recoverable by him, subject, of course, to any setoffs the plaintiff may have had. The defendant failed to discharge this burden. The defendant adduced no evidence establishing that the $100 increase was properly construed as alimony and thus subject to recoupment. The court's attempt to effect a rough sense of justice by, in effect, splitting the increase between the parties, erroneously grants the defendant a windfall in respect to an issue on which he held—and failed to meet—the burden of proof. As such, the defendant is entitled, at most, to recoupment before

setoffs of $100 per month. Since the court purports to rule otherwise, I dissent from the majority's allocation of the $100 increase and vote to modify the order appealed from in accordance with the foregoing.