■ DOLORES FREDEEN, Appellant, v CARL M. FREDEEN, Respondent.—Order unanimously reversed on the law with costs, plaintiff's motion granted and defendant's cross motion denied. Memorandum: The parties entered into a separation agreement on March 31, 1987 which provided, in part: "11. MAINTENANCE. As maintenance the husband shall pay to the wife the sum of $165.00 per week until the end of February, 1991 (this amount being approximately one-half of the incentive payment being paid to the husband by Chase Lincoln First Bank, N.A.). At the expiration of this period if the wife is unemployed or is earning less than $13,000.00 a year and in addition is still unmarried, the husband shall pay to the wife the sum of $125.00 per week for a period of three years or until such time as the wife reaches the age of 62, remarries, or obtains employment in excess of $13,000.00 per year provided further that the husband is earning in excess of $20,000.00 per year. The husband further agrees that he will name his wife the beneficiary of one-half of the retirement incentive payment being paid to the husband by Chase Lincoln First Bank, N.A. in the event of his death." In May 1987, the agreement was incorporated but not merged into a judgment of divorce. On March 18, 1988, plaintiff wife remarried and defendant ceased making the payments of $165 per week. Plaintiff then moved for an order directing the entry of judgment for the amount of arrears. Supreme Court denied her motion for a money judgment and granted defendant's cross motion, finding that the maintenance obligation terminated as of the date of plaintiff's remarriage.

Although it is a matter of public policy that a spouse, upon remarriage, may not compel support from a former spouse (see, Jacobs v Patterson, 112 AD2d 402), an agreement requiring that support shall continue after remarriage is not against public policy and is enforceable (see, Scibetta v Scibetta-Galluzzo, 134 AD2d 823; Gush v Gush, 9 AD2d 815). Here, the agreement clearly evinces the intent of the parties that defendant's maintenance obligation would continue until February 1991, unconditioned on plaintiff's marital status. Supreme Court erred, therefore, in terminating defendant's support obligation. Plaintiff is entitled to entry of judgment under Domestic Relations Law § 244 for the amount of the arrears. (Appeal from order of Supreme Court, Chautauqua County, Adams, J.—maintenance.) Present—Dillon, P. J., Boomer, Green, Lawton and Davis, JJ.