■ DAVID F. JUNG, Appellant, v JOHANNE C. JUNG, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Brown, J.), entered September 5, 1990 in Fulton County, which, *inter alia,* denied plaintiff's motion to terminate his obligation to make maintenance payments to defendant.

Plaintiff commenced the instant divorce action in July 1985. In lieu of trial, the parties entered into an open-court stipulation of settlement in September 1987, which was thereafter incorporated but not merged into the judgment of divorce entered on May 10, 1988. That stipulation provided, *inter alia,* that plaintiff would pay defendant maintenance in the amount of $1,200 per month for one year and $1,000 per month for the next four succeeding years.

In November 1989, plaintiff moved for an order construing the language of the stipulation to mean that his maintenance obligation terminated upon defendant's remarriage. Defendant opposed the motion and cross-moved for a judgment for arrearages or, alternatively, an order holding plaintiff in contempt. Supreme Court then denied plaintiff's motion and partially granted defendant's cross motion, awarding her judgment for accrued arrearages in the amount of $10,000. This appeal by plaintiff followed.

We affirm. It is well established that while a spouse, upon remarriage, may not compel maintenance from a former spouse, an agreement requiring maintenance to continue after remarriage is not against public policy and is enforceable (see, *Fredeen v Fredeen,* 154 AD2d 908; *Scibetta v Scibetta-Galluzzo,* 134 AD2d 823, 824; *Jacobs v Patterson,* 112 AD2d 402, 403; *Gush v Gush,* 9 AD2d 815, 815-816). Here, plaintiff's then counsel, who placed the support terms on the record, stated that "it is understood [that] * * * maintenance shall terminate at the end of five years * * * or may be extended upon [defendant's] application * * * if she establishes at that time that she is physically unable to support and maintain herself". At that point, defendant's counsel stated "Period" and plaintiff's counsel responded "Period". Following a discussion off the record, Supreme Court described its understanding of the maintenance provision as *"unconditional* for [a] five-year period" (emphasis supplied), and plaintiff's counsel agreed that the court's interpretation was correct. Thereafter, in response to Supreme Court's inquiry, plaintiff, himself an attorney, indicated that he entered into the stipulation voluntarily and that the terms as recited on the record constituted his agreement.

Although plaintiff avers in his affidavit that he never contemplated that maintenance to defendant would continue in the event of her remarriage, it is our view that the above-described stipulation "clearly evinces the intent of the parties that [plaintiff's] maintenance obligation would continue [for a five-year period] unconditioned on [defendant's] marital status" *(Fredeen v Fredeen, supra; accord, Sacks v Sacks,* 168 AD2d 733). As such, plaintiff's November 1987 letter to Supreme Court, in which he attempted to unilaterally insert a decretal paragraph containing conditional language regarding remarriage and death, was ineffective to alter that stipulation. Supreme Court thus correctly concluded that plaintiff's maintenance obligation did not terminate upon defendant's remarriage.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.