■ In the Matter of ELIZABETH BENNY, Respondent, v LOUIS M. BENNY, Appellant. [605 NYS2d 311] —In a proceeding, *inter alia,* pursuant to Family Court Act article 4 for maintenance

and child support, in which the defendant husband moved to terminate maintenance provided for in a stipulation of settlement of a California divorce action, incorporated but not merged in a California judgment of divorce, the former husband appeals (1) as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Segal, J.), dated August 6, 1990, which, *inter alia,* denied his application to terminate maintenance, and (2) from an order of the same court (Goodman, J.), dated January 29, 1992, which granted the plaintiff wife's motion to hold him in contempt for failure to pay maintenance.

Ordered that the order dated August 6, 1990, is affirmed insofar as appealed from, and the order dated January 29, 1992, is affirmed, with one bill of costs.

The former wife and the appellant former husband were married on June 16, 1981, and had twin girls on January 9, 1983. They resided together in California until August 6, 1983. The former husband then commenced an action for divorce in California, and the former wife, who had moved to New York, brought the instant proceeding, *inter alia,* for maintenance and child support. In February 1984 the parties executed a stipulation of settlement in California, which was incorporated, but not merged, into a California judgment of divorce entered June 22, 1984. The separation agreement provided that the California courts would retain jurisdiction over the maintenance provisions and that the New York courts would retain jurisdiction over the child support and visitation provisions in the instant proceeding. The former wife remarried in 1988.

On May 14, 1990, after disputes arose over the visitation provisions of the California stipulation of settlement, the parties placed a stipulation of settlement on the record before the Supreme Court, Suffolk County, in which the former husband agreed to pay arrears due under the California stipulation of settlement and agreed to certain modifications of child support. Thereafter, the former husband moved pursuant to Domestic Relations Law § 248 to terminate maintenance, based upon the former wife's remarriage. In the order appealed from dated August 6, 1990, the Supreme Court, Suffolk County (Segal, J.), denied the motion, finding that the language of the California stipulation manifested the parties' intent that the former husband's obligation to pay maintenance was not conditioned on the former wife's marital status. The Supreme Court further noted that the former husband

had failed to raise the issue of his obligation to continue to pay maintenance when he entered into the New York stipulation of settlement dated May 14, 1990.

The former husband thereafter moved in the Superior Court of California to terminate his maintenance obligations as a matter of law. That motion was denied on the ground of res judicata, because the Supreme Court, Suffolk County, had already denied his motion for the same relief. The California court ruled that that denial was with prejudice, so long as the order of the Supreme Court, Suffolk County, dated August 6, 1990, remained in effect.

The former wife moved in New York to hold the former husband in contempt for his continued failure to pay maintenance, and the former husband brought a second application in California to "modify to zero" his maintenance obligation. By order dated May 30, 1991, the Superior Court of California, Orange County, granted the former husband's application, retroactive to March 1991. Specifically, the Superior Court based its decision on "a substantial changes of circumstances", to wit, that the former wife had remarried and acquired a license to practice law in New York.

By order dated January 29, 1992, the Supreme Court, Suffolk County (Goodman, J.), found the former husband in contempt of court for failure to pay maintenance.

We find that the Supreme Court properly determined, in its decision and order dated August 6, 1990, that the California stipulation of settlement manifested the parties' intent that maintenance would not terminate as a matter of law upon the former wife's remarriage. Although it is a matter of public policy in New York that one spouse, upon remarriage, may not compel support from a prior spouse (see, Domestic Relations Law § 236 [B] [6] [c]; *Jacobs v Patterson*, 112 AD2d 402, 403; *Sacks v Sacks*, 168 AD2d 733, 734), an agreement requiring maintenance to continue after remarriage is not against public policy and is enforceable (see, *Jung v Jung*, 171 AD2d 993, 994; *Sacks v Sacks, supra*, at 734; *Fredeen v Fredeen*, 154 AD2d 908). While no such obligation should be assumed where the agreement is silent concerning the effect of remarriage (see, *Jacobs v Patterson, supra*), the court will examine the language of the agreement as well as its implication in determining the parties' intent (see, *Sacks v Sacks, supra; Fredeen v Fredeen, supra*).

Here, the maintenance provisions of the California stipulation of settlement, read in the context of the entire agree-

ment, clearly manifested the parties' intent that maintenance would not terminate as a matter of law in the event that the former wife remarried, but would continue for as long as the former husband was obligated to pay child support. According to the terms of the agreement, the former husband is required to pay maintenance to the wife until (1) either party dies, (2) the termination of all child support, or (3) until January 15, 2004, Significantly, January 15, 2004, is six days following the twins' twenty-first birthday, at which time they will become emancipated and child support automatically terminates.

The parties' California agreement expressly provides that California law would govern maintenance issues. California law permits parties to contract to extend maintenance beyond remarriage (see, Cal Civil Code § 4801 [b]; In re Marriage of Sherman v Sherman, 162 Cal App 3d 1132, 208 Cal Rptr 832; In re Marriage of McGhee v McGhee, 131 Cal App 3d 408, 182 Cal Rptr 456; Rheuban v Rheuban, 238 Cal App 2d 552, 47 Cal Rptr 884).

The former husband's argument that the Supreme Court, Suffolk County, did not have jurisdiction to entertain his application to terminate maintenance based upon the former wife's remarriage is without merit. The former husband waived the contractual choice of venue contained in the California stipulation of settlement when he moved to terminate his maintenance obligation in the Supreme Court, Suffolk County.

We further find that the Supreme Court, by order dated January 29, 1992, properly found the former husband in contempt of court for his failure to pay any maintenance to the wife since March 1991. Specifically, we find that the Supreme Court was not required to give full faith and credit to the California order dated May 30, 1991. The former husband's motion to modify his maintenance obligation under the California stipulation of settlement to zero was a sham, the purpose of which was to circumvent the determination of the New York Supreme Court to the contrary. The former husband was guilty of fraud upon the California court (see, Tamimi v Tamimi, 38 AD2d 197, 201), by failing to disclose the existence of the New York stipulation of settlement dated May 14, 1990, and by asserting that the prior order of the Superior Court of California denying his motion to terminate his maintenance payments as a matter of law was without prejudice, when that prior California order was in fact with prejudice so long as the order of the Supreme Court, Suffolk County, dated August 6, 1990, remained in effect. Based upon

that misrepresentation, the California court failed to give proper full faith and credit to the order of the Supreme Court, Suffolk County, dated August 6, 1993.

We further note that the former husband relied upon the former wife's remarriage and her acquisition of a law license in New York as his alleged "changes in circumstance". Under California stipulation of settlement, the former wife's remarriage was not a justification for terminating maintenance, and her acquisition of a law license was anticipated by the parties prior to executing that agreement.

The former husband's due process rights were not infringed by the failure of the Supreme Court to conduct a hearing on the former wife's contempt application, as no factual dispute existed which could not be resolved on the papers alone (see, *Bowie v Bowie,* 182 AD2d 1049, 1050; *Bell v Bell,* 181 AD2d 978), nor did the former husband assert a financial inability to comply with the support order as a defense to the contempt application (see, *Boritzer v Boritzer,* 137 AD2d 477; *Rosenblitt v Rosenblitt,* 121 AD2d 375). Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.