■ ANN QUARANTA, Respondent, v JOHN QUARANTA, Appellant. [622 NYS2d 778] —In a matrimonial action in which the parties were divorced by judgment dated March 5, 1991, the defendant appeals from (1) an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated December 22, 1993, which granted the plaintiff's motion to reargue and upon reargument, reversed its prior determination and denied the defendant's motion to terminate his obligation to pay maintenance and (2) a judgment of the same court entered January 13, 1994, which is in favor of the plaintiff and against him in the principal sum of $3,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On January 15, 1991, the parties, who had been married for nearly 38 years, entered into a stipulation in open court settling their pending matrimonial action. The stipulation resolved all financial issues, including equitable distribution of the parties' property, which included their residence, a mobile home, an automobile, and other property. The defendant agreed to pay monthly maintenance to the plaintiff which would terminate upon the death of either party. The stipulation specifically provided that the maintenance payments were "in full satisfaction" and "in full extinguishment" of any claim which the plaintiff had to the defendant's pension from the City of New York. If the defendant's pension payments increased, the plaintiff's maintenance would increase by 50% of the additional pension amounts. The stipulation was incor-

porated, but not merged, into the parties' subsequent judgment of divorce. In 1993, the plaintiff remarried and the defendant moved to amend the judgment to delete the maintenance provision. The Supreme Court initially granted the motion, but upon reargument, denied the relief requested and granted the plaintiff's motion for a judgment for maintenance arrears.

Although it is a matter of public policy in New York that one spouse, upon remarriage, may not compel support from a former spouse *(see,* Domestic Relations Law § 236 [B] [6] [c]; *Matter of Benny v Benny,* 199 AD2d 384, 386; *Sacks v Sacks,* 168 AD2d 733, 734; *Jacobs v Patterson,* 112 AD2d 402, 403), an agreement requiring maintenance to continue after remarriage is not against public policy and is enforceable *(see, Jung v Jung,* 171 AD2d 993, 994; *Sacks v Sacks, supra,* at 734; *Fredeen v Fredeen,* 154 AD2d 908). While no such language should be assumed where the agreement is silent concerning the effect of remarriage *(see, Jacobs v Patterson, supra,* at 403), the court will examine the language of the agreement as well as its implication in determining the parties' intent *(Matter of Benny v Benny, supra,* at 386).

Here, the agreement evinces the intent of the parties that the maintenance obligation would continue until the death of either party, regardless of the marital status of the plaintiff *(see, Matter of Benny v Benny, supra; Sacks v Sacks, supra).* The agreement comprehensively addressed all issues of equitable distribution. That portion of the defendant's pension which was not attributable to disability benefits was marital property subject to equitable distribution *(see, Dolan v Dolan,* 78 NY2d 463). After a lengthy marriage, the plaintiff gave up her right to a distributive share of that property in exchange for maintenance payments. In return, the defendant could deduct those payments for income tax purposes. Under the circumstances, we conclude that the parties intended that the plaintiff was to receive lifetime maintenance payments. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.