■ DAVID F. JUNG, Respondent, v GERARD GEMMETTE, Appellant. [671 NYS2d 862] —Mercure, J. P. Appeal from an order of the Supreme Court (Best, J.), entered January 23, 1997 in Fulton County, which denied defendant's motion for summary judgment dismissing the complaint.

Defendant was plaintiff's attorney in connection with a divorce action that plaintiff commenced in 1985. That action

was resolved by a September 1987 stipulation of settlement, which was incorporated but not merged into a judgment of divorce. As relevant here, the stipulation which was placed on the record by defendant provided that plaintiff would pay maintenance in the amount of $1,200 per month for one year and $1,000 per month for four years thereafter. The duration of plaintiff's maintenance obligation was reiterated in the following terms, "it is understood [that] * * * maintenance shall terminate at the end of five years * * * or may be extended upon [the wife's] application * * * if she establishes at that time that she is physically unable to support and maintain herself", following which the wife's attorney and defendant each stated in turn, "Period." At that point, Supreme Court interjected by expressing its understanding of the stipulated maintenance provision as being "unconditional for [a] five-year period" and defendant indicated his agreement with that interpretation. Then, in response to the court's inquiry, plaintiff indicated that he entered into the stipulation voluntarily and that the terms as recited on the record constituted his agreement. Subsequently, plaintiff's former wife remarried; plaintiff terminated his maintenance payments and then moved for an order construing the stipulation such that his maintenance obligation had terminated upon her remarriage. Supreme Court denied the motion and awarded plaintiff's former wife judgment for arrearages in the amount of $10,000. On appeal, this Court affirmed (*Jung v Jung*, 171 AD2d 993).

Plaintiff subsequently commenced this action alleging defendant's malpractice in connection with his wording of the stipulation and, specifically, his failure to recite all of the terms of the agreement between the parties to the divorce action in a skillful and professional manner such that its terms would be accurate and clear and effectuate plaintiff's intention that his maintenance obligation cease upon the wife's remarriage or death. Following joinder of issue, defendant moved for summary judgment dismissing the complaint upon the grounds, first, that plaintiff (himself an experienced matrimonial practitioner) entered into the stipulation willingly and voluntarily and with full knowledge of its terms and, second, that plaintiff is collaterally estopped from contending that he did not agree to unconditional maintenance payments by virtue of the decision of this Court in *Jung v Jung* (*supra*). Supreme Court denied the motion and defendant now appeals.

Because we agree with defendant that the present action is barred by the doctrine of collateral estoppel, we are constrained to reverse Supreme Court's order, award summary judgment

in favor of defendant and dismiss the complaint. As aptly characterized by plaintiff in his brief, "[t]he point of [plaintiff's] claim is that [defendant's] malpractice caused him to be bound by an agreement that he misunderstood and did not intend to make (i.e.—[he] did not intend to continue maintenance payments in the event of his wife's remarriage or death)". In fact, that very issue was considered by this Court on the prior appeal and decided against plaintiff in the following unequivocal terms: "Although plaintiff avers in his affidavit that he never contemplated that maintenance to defendant would continue in the event of her remarriage, it is our view that the * * * stipulation 'clearly evinces the intent of the parties that [plaintiff's] maintenance obligation would continue [for a five-year period] unconditioned on [defendant's] marital status'" (*id.*, at 994, quoting *Fredeen v Fredeen*, 154 AD2d 908).

The fact that the issue arose in a different type of action (an action for a divorce, as opposed to the present malpractice action) and supported a different ultimate conclusion (that plaintiff was required to pay maintenance beyond his former wife's remarriage, in contrast to the present question of whether defendant's alleged malpractice was a proximate cause of plaintiff's damages) is of no moment, for "the doctrine of collateral estoppel will permit *any* discrete factual issue necessarily decided in the prior action to be given preclusive effect, regardless of the over-all legal context" (*Lee v Jones*, 230 AD2d 435, 438, *lv denied* 91 NY2d 802 [emphasis in original]; *see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Because the issue of whether plaintiff knowingly agreed to pay maintenance beyond his former wife's remarriage was necessarily decided in the prior action and is decisive of the present one, we conclude that Supreme Court erred in denying defendant's summary judgment motion (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, supra, at 664). In view of that determination, we need not consider the parties' remaining contentions.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.