■ In the Matter of THRIFT ASSOCIATIONS SERVICE CORPORATION, Appellant, v BARBARA A. DeBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [680 NYS2d 746] —Spain, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered July 17, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition on the ground that petitioner waived the right to judicial review.

The facts in this matter are not in dispute. In 1974 petitioner loaned approximately $5.6 million, secured by a mortgage, to Smithtown Geriatric Complex, Inc., which at the time operated a residential health care facility and nursing home on the premises. Smithtown defaulted on the loan and petitioner commenced a foreclosure proceeding in 1976. As a result, in June 1978 respondent Commissioner of Health appointed respondent Lutheran Center for the Aging, Inc. (hereinafter LCA) as receiver of the nursing home via a receiver agreement with petitioner; contemporaneously with the execution of the receiver agreement, petitioner leased the nursing home to LCA for a 16-year term.

The lease between petitioner and LCA provided, among other things, an option for LCA to purchase the premises upon the

expiration of the lease and incorporated section 7.02 of the receiver agreement, which stated that the purchase price would be determined by the Department of Health (hereinafter DOH) in accordance with the Public Health Law. Significantly, the parties agreed that such determination would "be final and binding upon all parties and not subject of judicial review by any party", and "[a]ny right to judicial review of said determination is hereby specifically waived by all parties". Pursuant to the terms of the lease agreement, LCA was responsible for the payment of all repairs and improvements it made to the facility, for which it would eventually be reimbursed by DOH. During the term of the lease, LCA spent $2,337,927 for capital improvements made to the property.

In September 1993, LCA elected to exercise its option to purchase the nursing home "including the improvements thereon * * * at the price determined by * * * [DOH]". As of December 31, 1993, LCA had only been reimbursed for $455,265 of the costs of the improvements. In February 1994, DOH informed petitioner and LCA that it calculated the purchase price of the property to be $2,166,532 and DOH further indicated that the "return of equity figures were calculated using the historical cost for [petitioner] only. Therefore, the return of equity for the 1984 through 1993 rate years were estimated excluding improvements made by [LCA]." Thereafter, in May 1994 petitioner indicated that it had some questions regarding the purchase price determined by DOH, "including whether the improvements made by [LCA] during the lease term should be excluded", and requested access to documentation with respect to the improvements. LCA responded and indicated that the purchase price was determined based on information already in petitioner's possession and, further, that pursuant to the lease the set price was final and binding on all parties.

In June 1994, petitioner commenced a CPLR article 78 proceeding against, among others, the Commissioner alleging that DOH's purchase price determination was arbitrary and capricious because of its failure to include the improvements made by LCA in its calculation and that it did so without notifying petitioner. LCA intervened and respondents moved to dismiss the petition; Supreme Court denied the motion and directed the parties to answer the petition. Although the court acknowledged that the waiver of judicial review was explicit, it indicated that, based upon affidavits submitted by DOH officials, LCA may have "perpetrated a fraud upon [DOH] and the petitioner by contacting [DOH] and advising department

employees that both petitioner and [LCA] agreed that the purchase price should exclude improvements made to the facility by [LCA]". In their answer, respondents submitted an affidavit of the Director of the Bureau of Long Term Care Reimbursement for DOH who conceded that the price determination was incorrect because it was based upon an assumption that petitioner agreed to the exclusion of improvements made by LCA in the calculation; DOH deemed this a simple misunderstanding and requested that the court vacate its order finding that LCA had committed fraud and remand the matter for recalculation. Thereafter, Supreme Court annulled DOH's calculation and remanded the matter to enable DOH to recalculate the purchase price of the nursing home. Further, LCA moved to reargue and the court granted the motion and vacated its earlier finding of fraud.

Upon reconsideration, DOH determined in May 1996 that it was appropriate to exclude the improvements previously purchased by LCA from the calculation of the purchase price and redetermined the price to be $1,886,107. DOH reasoned that the exclusion was necessary because otherwise LCA would pay for the same improvements twice, a result that would be "illogical and inequitable". Thereafter, in September 1996 petitioner commenced the instant CPLR article 78 proceeding alleging that the issue of whether the costs of the improvements should be calculated as part of the purchase price was adjudicated in the prior proceeding, DOH's purchase price calculation is null and void, and its determination was arbitrary and capricious. LCA moved to intervene for an order consolidating and converting the proceeding with an action previously commenced in Suffolk County,* and sought dismissal of the petition on the ground that petitioner waived its right to judicial review of DOH's purchase price determination. DOH separately moved to dismiss the petition on the same ground. Supreme Court granted LCA's motion to intervene and the motions to dismiss, finding that the court was bound by its earlier determination that the explicit waiver of judicial review, in the absence of fraud, controlled the agreement. Petitioner now appeals.

Initially, we reject petitioner's contention that Supreme Court erroneously ignored the doctrines of res judicata, collateral estoppel and judicial estoppel by refusing to give effect to its prior judgment annulling DOH's initial purchase price de-

---

* In June 1994, LCA commenced a separate action against petitioner in Suffolk County alleging breach of contract and seeking specific performance to enforce its purchase option.

termination and by dismissing the petition as unreviewable. Where a trial court annuls a determination of an agency, without reaching the merits, and remits the matter to the agency for reconsideration, res judicata does not bar subsequent litigation for matters not previously decided (*see, Matter of Pearlstein v Axelrod*, 103 AD2d 921; *Matter of Horton Mem. Hosp. v New York State Dept. of Health*, 101 AD2d 915, 916-917, *affd* 64 NY2d 1067).

Based on our review of the record, we conclude that although the cause of action challenging the determination of DOH as arbitrary and capricious was raised in the first proceeding, it was not adjudicated and, therefore, is not subject to the doctrine of res judicata. Contrary to petitioner's contention, Supreme Court did not, by annulling DOH's determination upon its request and remanding for reconsideration, grant the petition on the merits (*see, Matter of Pearlstein v Axelrod, supra; Matter of Horton Mem. Hosp. v New York State Dept. of Health, supra*).

Next, we reject petitioner's contention that the doctrine of collateral estoppel applies. "Collateral estoppel, or issue preclusion, bars a party or one in privity with a party from relitigating issues that have been decided against it in a prior proceeding" (*LaDuke v Lyons*, 250 AD2d 969, 972; *see, Jung v Gemmette*, 249 AD2d 827, 828-829; *Lake George Park Commn. v Salvador*, 245 AD2d 605, *lv dismissed and denied* 91 NY2d 939). In the initial proceeding Supreme Court did not decide whether the cost of the improvements made by LCA to the facility should be included in DOH's determination of a purchase price. Rather, the court annulled DOH's initial determination based on a finding of fraud and remanded the matter to DOH for reconsideration. Further, on reargument, the court vacated its prior order by which it found that LCA had committed fraud. Clearly, Supreme Court never reached the central issue in this matter and, therefore, collateral estoppel does not apply.

We also reject petitioner's contention that, having repeatedly sworn in the first CPLR article 78 proceeding that the initial purchase price determination wrongfully excluded the cost of the improvements made by LCA, DOH and LCA are judicially estopped from asserting a contrary position in the instant proceeding. In our view, the record reveals that DOH's position in the instant proceeding is not inconsistent with its position in the prior proceeding. In the prior proceeding, DOH sought an annulment and remand to reconsider whether the cost of the improvements should have been included in the calcula-

tion. Clearly, in the earlier proceeding DOH never had an opportunity to make a determination due to the misunderstanding that occurred. "[J]udicial estoppel 'applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted' " (*Cafferty v Thompson*, 223 AD2d 99, 102, *lv denied* 88 NY2d 815, quoting *Oneida Motor Frgt. v United Jersey Bank*, 848 F2d 414, 419; *see, Moore v County of Clinton*, 219 AD2d 131, 134, *lv denied* 89 NY2d 851; *Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073, 1075). Upon reconsideration, DOH determined that it was properly excluded and, under the circumstances presented herein, this position is not inconsistent with its position in the prior proceeding and, therefore, the doctrine of judicial estoppel does not apply.

Finally, we conclude that Supreme Court properly dismissed the petition upon a finding that petitioner explicitly waived its right to judicial review. "A party may by contract waive his [or her] right to resort to the courts, but he [or she] will only be held to have done so if the waiver is explicit" (*Matter of Security & Law Enforcement Empls. v Hartnett*, 119 AD2d 877, 878; *see, Matter of Board of Educ. v Nyquist*, 48 NY2d 97, 105). Section 7.02 (a) of the receiver agreement expressly provides that "[t]he Departmental price determination shall be final and binding upon all parties and not subject to judicial review by any party. Any right to judicial review of said determination is hereby specifically waived by all parties." In the first CPLR article 78 proceeding, Supreme Court initially determined that LCA perpetrated a fraud on both petitioner and DOH by contacting and advising DOH that petitioner had agreed to a calculation excluding the cost of improvements made to the facility by LCA. Upon reargument, however, the court vacated the finding of fraud. As a result, the judicial waiver remained in effect and controlled the agreement. As such, the court determined that it was without jurisdiction to review the issue of whether the cost of the improvements should have been included in the calculation of the purchase price. Accordingly, we conclude that Supreme Court's judgment, dismissing the petition based upon petitioner's explicit waiver of judicial review, was proper in this regard.

Mercure, J. P., White, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.