■ JOAN B. KELLY, Respondent-Appellant, v IRA B. WICKES, Appellant-Respondent. [723 NYS2d 237] —In an action to recover a distributive award and weekly payments due under a separation agreement, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated December 13, 1999, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $117,841.34, representing arrears in the weekly payments due under the separation agreement, and the plaintiff cross-appeals, as limited by her brief, from so much of the same judgment as failed to award her the principal sum of $150,000 as a distributive award.

Ordered that the judgment is modified by adding thereto a provision awarding the plaintiff the principal sum of $150,000 as a distributive award, with interest payable from December

13, 1999; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff and the defendant married in 1954. In August 1986, the parties entered into a separation agreement which provided, *inter alia*, that the plaintiff would receive a distributive award in the sum of $150,000 from the defendant. The agreement required the defendant to pay the distributive award to the plaintiff within 45 days from the date the separation agreement was signed. On or about the time the parties signed the separation agreement, however, they also signed a letter providing that the defendant would make weekly payments to the plaintiff until he paid the distributive award. At trial, the plaintiff testified that the additional term was included in the letter so that she would have monetary support in the event that the defendant failed to pay the distributive award within 45 days. The defendant made the weekly payments through 1990. He made sporadic payments through 1993, and stopped making any payments in 1994. He did not pay the distributive award to the plaintiff.

The evidence at trial established that the parties intended the separation agreement to include the letter requiring the defendant to make weekly payments to the plaintiff until he paid the distributive award. The plain language of the letter does not support the defendant's position that the weekly payments would be set off against the distributive award. The plaintiff is entitled to the entire principal sum of the $150,000 distributive award set forth in the stipulation, with interest accruing from December 13, 1999, the date of the judgment. Moreover, contrary to the defendant's contention, since the condition upon which the weekly payments would terminate, that is, the payment of the distributive award, was expressly stated in the letter, the payments did not terminate upon the plaintiff's remarriage (*see, Slagsvol v Schneck,* 213 AD2d 537).

The defendant's remaining contentions are without merit (*see generally, Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402-403; *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184). Altman, J. P., McGinity, Luciano and Feuerstein, JJ., concur.