■ In the Matter of SUSAN DEANGELIS, Respondent, v VINCENT DEANGELIS, Appellant. [727 NYS2d 481] —In a support proceeding, *inter alia,* pursuant to Family Court Act article 4, the former husband appeals from so much of an order of the Family Court, Nassau County (Balkin, J.), dated January 31, 2001, as denied his objections to so much of an order of the same court (Kahlon, H.E.), dated October 10, 2000, as declined to terminate his maintenance obligation to the petitioner former wife following her remarriage.

Ordered that the order is affirmed insofar as appealed from, with costs.

A separation agreement which specifies, in detail, the conditions or events that will trigger the termination of a party's obligation to pay maintenance to his or her former spouse, and fails to include the ex-spouse's remarriage as such a triggering event, will generally be construed as an implicit agreement to continue maintenance even after remarriage (*see, Matter of Benny v Benny,* 199 AD2d 384; *Sacks v Sacks,* 168 AD2d 733; *Fredeen v Fredeen,* 154 AD2d 908). In *Matter of Benny v Benny* (*supra*), the agreement specified that the death of either party and the cessation of all child support were events that would trigger suspension of the former husband's duty to pay maintenance, and fixed January 15, 2004, as an outside limit on the

duration of that obligation. It was therefore determined that the parties had "clearly manifested the * * * intent that maintenance would not terminate as a matter of law in the event that the former wife remarried" (*Matter of Benny v Benny, supra,* at 387).

The parties' agreement also defined the circumstances under which the former husband's obligation to pay maintenance would be terminated, in that it provided for the payment of maintenance for a specified period of time, i.e., eight years. The agreement did not define the remarriage of the former wife as an event which would terminate the appellant's obligation to pay maintenance. Under the circumstances of this case, the appellant implicitly agreed to pay post-remarriage maintenance. There is no evidence that the parties agreed that maintenance would terminate upon the former wife's remarriage. To allow the appellant to, in effect, amend his agreement at this stage would thus constitute a clear departure from the rule laid down in *Matter of Benny v Benny* (*supra*), and the other cases cited above.

The appellant's remaining contentions are without merit. Altman, J. P., Florio, Schmidt and Cozier, JJ., concur.