■ PEDER J. HANCHER, Respondent, v BARBARA D. HANCHER, Appellant. [818 NYS2d 384]—

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered June 22, 2005. The order, inter alia, granted the motion of plaintiff annulling his obligation to pay spousal support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, and the cross motion is dismissed.

Memorandum: Plaintiff recovered a conversion divorce judgment (*see* Domestic Relations Law § 170 [5]) against defendant in 1975 in Supreme Court, Allegany County. The underlying separation agreement, incorporated but not merged in the divorce judgment, provides that plaintiff shall pay defendant spousal support "during the joint lives of the parties." Defendant remarried in December 2002, whereupon plaintiff ceased paying her spousal support. Defendant commenced an action to recover the spousal support arrears in Supreme Court, Saratoga County, in December 2004. After joinder of issue in that action, plaintiff moved in the instant action for an order annulling his obligation to pay spousal support pursuant to Domestic Rela-

tions Law § 248. Defendant opposed that motion and cross-moved for an order consolidating the Allegany County and Saratoga County actions and placing venue in Saratoga County pursuant to CPLR 602 (a). Supreme Court granted plaintiff's motion and denied defendant's cross motion. We reverse.

In the absence of an agreement to the contrary, spousal support ordered in a judgment of divorce must terminate upon the remarriage of the payee (*see* Domestic Relations Law § 248; *Jacobs v Patterson*, 112 AD2d 402 [1985]; *Gandelman v Gandelman*, 39 AD2d 727 [1972]; *see also* Domestic Relations Law § 236 [B] [1] [a]). Where, however, the parties' separation agreement expressly or impliedly provides that spousal support is to continue after the payee's remarriage, such obligation will be enforced (*see Quaranta v Quaranta*, 212 AD2d 683, 684 [1995]). Further, a separation agreement providing that spousal support is to be paid for life or for some other fixed duration manifests the parties' intent that the support obligation is to continue despite the payee's remarriage (*see Matter of DeAngelis v DeAngelis*, 285 AD2d 593 [2001]; *Matter of Benny v Benny*, 199 AD2d 384, 386-387 [1993]; *Jung v Jung*, 171 AD2d 993 [1991]; *Fredeen v Fredeen*, 154 AD2d 908 [1989]; *Gush v Gush*, 9 AD2d 815 [1959]). Plaintiff's, and the court's, reliance on our decision in *Scibetta v Scibetta-Galluzzo* (134 AD2d 823 [1987]) is misplaced. There, the parties' separation agreement "was silent concerning both the duration of the support obligation and the effect of remarriage on the obligation" (*id.* at 824). We thus conclude that plaintiff's obligation to pay spousal support to defendant during the parties' lives continued after defendant's remarriage (*see Benny*, 199 AD2d at 386-387; *Gush*, 9 AD2d at 815).

In view of our determination, the cross motion is dismissed as moot. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.