■ ELAINE K. BURN, Appellant, v STEVEN A. BURN, Respondent. [956 NYS2d 19]—

The parties' 2003 separation agreement provided that in exchange for waiving her interest in certain distributable property, including defendant's retirement accounts and his interests in real property worth millions of dollars, plaintiff was to receive maintenance payments from defendant "until the death of the Wife or the death of the Husband." The agreement was incorporated by reference but not merged into the 2004 judgment of divorce. Plaintiff remarried in July 2011.

In the absence of an agreement to the contrary, spousal support ordered in a judgment of divorce must terminate upon the remarriage of the payee (*see* Domestic Relations Law § 248). However, where, as here, "the parties' separation agreement expressly or impliedly provides that spousal support is to continue after the payee's remarriage, such obligation will be enforced" (*Hancher v Hancher*, 31 AD3d 1152, 1153 [4th Dept 2006]). A separation agreement that provides for spousal support to be paid for life or some other fixed period manifests the parties' intent that the support obligation is to continue despite the payee's remarriage (*see Matter of DeAngelis v DeAngelis*, 285 AD2d 593 [2d Dept 2001]; *Jung v Jung*, 171 AD2d 993 [3d Dept 1991]).

Here, although the separation agreement does not expressly address the effect of remarriage on the maintenance obligation, the language of the maintenance clause, as well as consideration of the entire agreement, including plaintiff's waiver of a share of assets worth millions of dollars, evinces the intent of the parties that the maintenance payments would continue until plaintiff's death or the death of defendant, regardless of plaintiff's marital status (*see Quaranta v Quaranta*, 212 AD2d 683 [2d Dept 1995]). Furthermore, the commencement of a plenary action was not required because the judgment of divorce incorporated the parties' agreement by reference, and thus, plaintiff can enforce the provisions of the separation agreement in this action pursuant to Domestic Relations Law § 244 (*see Werblud v Werblud*, 128 AD2d 194, 199-200 [1st Dept 1987]).

Plaintiff also correctly maintains that defendant should have been found in civil contempt. In the June 2011 order, Supreme Court, having found that defendant willfully disobeyed a prior order, directed defendant to immediately pay his May 2011 maintenance obligation and to pay all future maintenance by automatic transfer. Plaintiff established that defendant was aware of this clear and unequivocal order, and there is no dispute that defendant failed to make the maintenance payments as directed, and thus prejudiced plaintiff's rights (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]; Judiciary Law § 753). Concur—Gonzalez, P.J., Mazzarelli, Acosta and Román, JJ.